The parties were divorced in June 1990. At that time the parties agreed to share legal and physical custody of their three minor children. In October 1990 the father filed a petition to modify custody. Following oral proceedings, the father was awarded legal and physical custody of the children. In 1995 the mother filed a petition to modify custody. Following oral proceedings, the trial court awarded legal custody to both parties and awarded physical custody of the oldest child to the mother. At the time of the hearing, the children were 13, 11, and 9.
The father appeals, contending that the trial court erred in changing the prior custodial arrangement.
The parent seeking modification of a previous order granting custody bears the stringent burden of proving that a change in custody will materially promote the child's best interests.Ex parte McLendon, 455 So.2d 863 (Ala. 1984). The moving parent must demonstrate to the trial court that such a change in custody will more than offset the inherently disruptive effect caused by uprooting the child. McLendon.
When the trial court is presented evidence ore tenus, its determination is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong or unless an abuse of the trial court's discretion is shown. Nicholas v. Nicholas,464 So.2d 527 (Ala.Civ.App. 1985).
In its order the trial court made the following detailed findings of fact:
 "The former husband has provided a stable home for the children wherein most of their basic needs are met. The former husband works long hours, and most of the day-to-day parenting is provided by their stepmother. . . . The children have an opportunity to be involved in many extracurricular activities, and she provides transportation and support in those activities. Both the former husband and the stepmother help the children with school work.
 "There is one significant aspect of the children's well-being that concerns the court. There appears to be an emotional void in the lives of the children brought about by a number of factors. The former husband no doubt loves the children but seems to have difficulty expressing that love outwardly on a day-to-day basis. The court is also concerned about the parenting abilities of [the stepmother]. There were several incidents testified to that call into question her judgment and ability to cope with the situation in which she finds herself. The court recognizes the efforts made by the former husband and his wife to meet the daily needs of the children, but the court's concern goes much deeper. In particular, the oldest child . . . and the stepmother have reached a point of obvious frustration in their relationship. The court realizes that [the oldest child's] behavior has made it very difficult to deal with him.
 "During the court's interview with [the oldest child,] it found the thoughts expressed by him concerning his relationship with his stepmother, his father, and his mother to be based on sound and age appropriate reasoning, offered sincerely and not solely to manipulate the situation or this court. The court is of the further opinion that if not given an opportunity to try living with his mother, the frustration of all persons involved will negatively impact upon not only [the oldest child] but the other two children.
 "The former wife since the hearing in 1991 appears to have focused more of her attention on her relationship with the children and less towards her own self desires. There was evidence that she has been very much involved with the children to the extent that she was allowed as a noncustodial parent. There has been no evidence of any outward signs of mental instability or the problems with which the court was concerned at the time of the original custody hearing.
 "The court is convinced that continued sole custody to either party in this case would only foster the exclusion of the noncustodial parent to the detriment of the children. There has been a material *Page 757 
change in circumstances to warrant a modification of this court's order concerning custody, and it would be in the best interests of the minor children that their custody be awarded jointly to the parties until further order. Further, the court finds that it is in the best interests of the oldest child . . . that he have an opportunity to primarily reside with the former wife until further order of the court. That at this time it is in the best interests of the two younger children . . . that they remain in the primary physical custody of the former husband. The court is reluctant to enter an order separating the children and feels that such a situation should only be ordered when necessary for the welfare of the children. In light of all the circumstances, this arrangement is in the best interests of the children, at least on a temporary basis. That custody should be reviewed in approximately six months to determine the best interests of all three children on a long-term basis."
We find that the trial court's factual findings satisfy the requirement of Ex parte McLendon. Although the trial court's in camera interviews with the children were not transcribed and are not contained in the record, we presume that the interviews further support the trial court's order. Small v. Small,412 So.2d 283 (Ala.Civ.App. 1982).
The judgment of the trial court is affirmed.
The mother's request for attorney fees is granted in the amount of $1,000.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the judges concur.