THOMPSON, Judge.
This matter concerns an appeal from a finding of contempt for failure to comply with a visitation order contained in a final judgment of divorce. We reverse and remand.
The dispositive facts are as' follows. S.R.E. and R.E.H. were divorced by the Circuit Court of Shelby County on July 6, 1995. There were three children born of the marriage, and the divorce judgment awarded custody of the children to the mother, with visitation rights for the father. In October 1996, upon their return from weekend visitation at the father’s house, the children reported to the mother that they had been sexually molested by their 14-year-old cousin who lived next door to the father. As a result of this incident, delinquency charges were brought against the cousin, who entered a “best interest plea” in a juvenile proceeding. Immediately following the incident, the mother, the father, and other relatives involved in the care of the children met with the school counselor at the oldest child’s school to discuss the matter. During this meeting, it was agreed that the father should exercise his visitation with the children at some place other than his home, which was located on his family’s property, where the alleged abuse had occurred. The father did *387 not exercise his visitation rights from the time this meeting took place until a final order was entered. The parties’ testimony is disputed as to the reason for this. The mother claims that the father never came for the children on the appointed dates, and the father claims the mother refused to allow his visitation.
On January 24, 1997, upon the mother’s motion, the trial judge entered a temporary order suspending the father’s visitation rights. Following a pendente lite hearing before a special master, the judge entered an order, on April 2, 1997, adopting the findings of the special master that the children had been sexually abused by the father’s nephew, who resided on the father’s property and limiting the father’s visitation to alternate Sundays between the hours of 8:00 a.m. and 6:00 p.m. The order further restrained the father from taking the children to his family property and prohibited him from allowing any contact between his nephew and the children. After both parties had filed objections to the findings of the special master, the court entered an amended order on April 30, 1997, further limiting the father’s visitation so as to require the father to attend counseling, and so as to provide for visitation supervised by the paternal grandparents to begin on the second Sunday following the first counseling session.
The matter proceeded to trial on July 1, 1997, and a final order was entered on July 16, 1997. The order provided for the father to attend counseling and to exercise an initial visitation period on the second Sunday following the first counseling session, under the supervision of the paternal grandparents. The order further provided that after the conclusion of the counseling and initial supervised visitation period, the father’s visitation as ordered in the final judgment of divorce would resume, subject to limitations prohibiting any contact between the children and the nephew and restricting the father from taking the children to his family property.
The final order further found the wife to be in contempt and sentenced her to incarceration, as follows:
“That as this Court finds the Plaintiff is in contempt of Court for failure to provide or allow the Defendant visitation with the minor children of the parties for the first and third weekends of October, November and December of 1996 and the first and third weekends of January 1997 and for one week during Christmas, for those nine occasions this Court does hereby sentence the Defendant to three (3) days of incarceration for each occasion for a total of twenty-seven (27) days.... ”
The order suspended 20 days of the incarceration and ordered the mother to serve 7 days. Following a compliance review on September 16,1997, during which the parties agreed that the mother was in compliance, her sentence was reduced to two consecutive days of incarceration.
The mother obtained a stay of the sentence upon payment of a supersedeas bond. On appeal she argues that the contempt finding is due to be reversed because, she argues, it is not supported by the evidence. We agree. Our review of a judgment of contempt, if the one seeking review is not incarcerated, is by appeal. Rule 70A(g), Ala. R. Civ. P. “[Wjhether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm.” Stack v. Stack, 646 So.2d 51, 56 (Ala.Civ.App.1994). Our careful review of the record reveals no evidence that the mother refused visitation on the dates for which she was found to be in contempt. The trial court found her to be in contempt for failing to allow visitation on the first weekend in October; the testimony from all parties established that the first weekend of October 1996 was when the alleged abuse occurred. Therefore, it is clear that visitation did indeed occur on that weekend. The only evidence contained in the record in support of the remaining eight incidents for which the court found the mother in contempt is the following testimony, which was provided by the father:
“Have there been occasions since September of 1996 where you have asked for *388 visitation and [the mother] has refused you?
“Yes, sir.
“Have you tried to work anything out with her, change of visitation schedules or location for visitation?
“I told her that I could take them to the river. My mother has a place on the river.
“When did you tell her that?
“After [the alleged abuse] happened. I would say about a month or two after it happened.
“And did she still refuse to allow you to have visitation?
“Yes.
“Was there any order by this Court to terminate visitation at that time?
“No, sir.”
While this evidence tends to show that the mother may have refused the father visitation on some occasion prior to the court’s suspension of the visitation order, it does not support the specific contempt findings made in the final order for which separate sentences of incarceration were imposed. We recognize the necessity for the parties to comply with all court orders until the orders are modified to accommodate changed circumstances. However, this court’s paramount concern is for the best interests of the minor children. In light of that concern, we fail to see the equity in finding a mother in contempt for refusing to allow the children to visit the father on his family property when the trial court, in its final order, ultimately imposed this very limitation for the safety and welfare of the children. We also note that the trial court has determined that the mother is in compliance with the final order. Therefore, in light of all of these factors, we find the court’s judgment of contempt to be unsupported by the evidence contained in the record and thus, to be plainly and palpably wrong. Accordingly, we reverse the court’s finding of contempt and the corresponding sentences of incarceration.
The mother further argues that the court erred in ordering her to pay the father’s attorney fees in the amount of $750.00. We agree. The trial court’s final order included the following paragraph:
“F. That the Plaintiff shall pay to Defendant’s attorney, Honorable Danny Lockhart, ... the sum of $750.00 (Seven Hundred Fifty Dollars) for his services in representing the Defendant in this cause.”
Initially, we note that attorney fees may not be assessed in enforcement proceedings unless the defaulting party is found to be in contempt. Ala.Code 1975, § 30-2-54; Johnson v. Johnson, 469 So.2d 116 (Ala.Civ.App.1985). However, in cases that include a claim for modification, the award of an attorney fee is within the sound discretion of the trial court. Ebert v. Ebert, 469 So.2d 615 (Ala.Civ.App.1985). An award of such a fee will not be set aside unless the trial court plainly and palpably abused its discretion in assessing the fee. Shirley v. Shirley, 600 So.2d 284 (Ala.Civ.App.1992). In awarding an attorney fee, the trial court should consider the following criteria: (1) the outcome of the litigation; (2) the parties’ respective financial circumstances; (3) the earning capacities of the parties, and (4) the conduct of the parties. Id. at 289-90. Applying these criteria to the facts of this case, we note that this action, initiated by the mother, was ultimately successful. Following bench proceedings, the judge entered an order modifying the final judgment of divorce as it pertained to the father’s visitation. We also note the vast disparity between the financial circumstances of the parties. The final judgment of divorce entered in 1995 recited that the father was earning $1,000 per month. The mother receives child support of $320 per month from the father, but has no income of her own.
We note that the mother’s conduct during the course of the proceedings was less than desirable.' The evidence reflects that the mother’s conduct was at times belligerent, and a tape recording of a telephone conversation she held with the paternal grandmother contained some inflammatory remarks made by the mother. Although this court does not excuse or condone this type of conduct, we are aware that the circumstances surrounding this action were of a kind that would tend to breed extreme passion and intense emotion. In light of these circumstances, we find that the judge abused his discretion in order *389 ing the mother to pay the father’s attorney fees in the amount of $750.
We therefore reverse the award of attorney fees and the portion of the final judgment finding the mother in contempt.
REVERSED AND REMANDED.
YATES and MONROE, JJ., concur.
ROBERTSON, P.J., and CRAWLEY, J., dissent.