THOMPSON, Judge.
K.L.U. (“the father”) appeals from the trial court’s judgment awarding him supervised visitation with his minor daughter.
The minor child was born to the father and M.C. (“the mother”) out of wedlock, and the couple parted ways after the child’s birth. On November 30, 1998, the father filed an action seeking to establish paternity and seeking an order directing him to pay child support for the child. In that action, he also sought visitation rights.
The matter was referred to a referee for trial, pursuant to § 12-15-6(b), Ala.Code 1975. On September 22, 1999, the trial court’s referee entered an order establishing the paternity of the father and directing him to pay child support. The referee’s order gave custody to the mother and allowed the father one hour of supervised visitation per week with the minor child. In addition, the father was ordered to produce certain records the guardian ad litem had requested pertaining to the father’s psychiatric problems and history of domestic violence. The father filed a post-judgment motion alleging that the child support had been miscalculated. On October 29, 1999, the referee conducted a hearing and reduced the child support the fa *839 ther was obligated to pay. In the new order, the referee ordered that the supervised visitation was to continue.
In a subsequent hearing, on February 10, 2000, the referee ordered the father and the mother to participate in clinical interviews and to undergo mental-status examinations with the mental health program affiliated with the family court. On May 1, 2000, the referee entered a visitation order, allowing the father to have unsupervised visitation with the minor child on alternate weekends, on holidays and birthdays, and during one month in the summer. In addition, the referee ordered both the father and the mother to attend parenting classes through the Family Court. On May 2, 2000, the mother filed a request for a rehearing of the referee’s decision, pursuant to § 12-15-6,(d), Ala.Code 1975. A hearing was held in the juvenile court on September 7, 2000, and a judgment was entered vacating the referee’s May 1, 2000, order. In the judgment, the juvenile judge directed that the father’s visitation with the child must be supervised by the mother until further orders of the court. The father filed a post-judgment motion, which was denied. The father appealed to the circuit court. The mother moved to dismiss the appeal, alleging that an adequate record had been prepared in the juvenile court and that the Court of Civil Appeals thus had jurisdiction over the appeal; therefore, she contended, the appeal to the circuit court must be dismissed. The juvenile judge certified the record to be adequate, pursuant to Rule 28(A)(1)(a), Ala. R. Juv. P., and the appeal was transferred to this court.
At the time of trial, the minor child, a daughter, was 8 1/2 years old. The child had been born prematurely and, although the father and the mother were separated when the child was born, the father did visit the child at the hospital. Sometime thereafter, the father married, and for a time he did not communicate often with the child. Eventually, he began trying to see the child again, and in November 1998, when the child was 1 1/2 years old, the father filed a petition seeking to be declared the father of the child and seeking to have child support established. At the juvenile court hearing, the testimony of the parties differed considerably. The mother testified that the father drinks and that he becomes violent when he drinks. She testified that she had seen a copy of an order entered in a court martial the father had received in 1992, when he was serving in the military. She testified that the court martial was the result of the father’s domestic abuse of the wife he was married to at that time. She also testified that the father smoked and that she thought his smoking would be hazardous to the child’s health. The mother was not specific about the exact ailment from which the child suffered, but she explained that the child had a chronic upper-respiratory infection and that the child had been prescribed medication for this condition. The mother explained to the court that she was concerned about the child’s welfare and wanted to ensure that the child was kept in a “clean-air” environment. The mother describes the father as being unstable with regard to his place of residence and his employment. The father was unemployed at the time of trial, but was trying to raise the money to register for the school term at the University of Alabama at Birmingham (U.A.B.). The mother complained to the court that the father was uncooperative in giving telephone numbers where he could be reached when he had the child in his custody.
The father testified that he neither drinks nor smokes. He testified that he is a full-time student at U.A.B. and is working toward a degree in social work. The father has custody of his son from a prior *840 marriage, and he and his son live in a two-bedroom apartment.
The father testified that the mother was overbearing in her attitude toward the child and that she constantly interfered with his attempts to bond with his daughter. The father’s income includes a monthly stipend while he is a full-time student. The father is also enrolled in the “Family Self Sufficiency Program” through public housing, and his rent is subsidized. The father receives benefits though the VA vocational rehabilitation program, in addition to disabled-veteran’s benefits. The father and his son receive food stamp benefits as well. When asked if he was aware of the child’s health problems, the father said that he was not, explaining that the mother had simply refused to talk with him at all.
After hearing ore tenus testimony, the trial court set aside the referee’s order and ordered that “visitation for the father shall be supervised by the mother,” and that “the parties shall keep each other informed of a current address and phone number.” At the foot of the order, the trial court noted “[C]ase set for review November 14 at 1:00 p.m.” After the court denied his postjudgment motion, the father filed this appeal.
The father contends he should be allowed more liberal visitation with his daughter. We initially address whether the judgment is a final judgment that will support an appeal. Matters of jurisdiction are of such magnitude that they may be considered at any time, and courts may consider these matters ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210 (Ala.Civ.App.1997). “An appeal will not lie from an order or judgment which is nonfinal.” Robinson v. Computer Servicenters, Inc., 360 So.2d 299, 302 (Ala.1978). The trial court’s note appearing at the foot of its September 14, 2000, judgment states that the court would review the visitation status; this raises a concern as to whether this order was intended as a final order. The trial court did not certify the order as final, pursuant to Rule 54(b), Ala. R. Civ. P. Further, after the September 14, 2000, hearing, the father’s attorney, in open court, asked the court if it intended to direct when, where, and how frequently the visitation should take place. In response to the attorney’s question, the trial judge replied: “It’s completely up to both of them to communicate and arrange this. I’ll hear about what happens on [November 14th].”
The trial court held a hearing on November 14, 2000, but the order entered after that hearing refers only to issues pertaining to child-support arrearage, which the mother had raised in her separate petition for an adjudication of contempt. In its November 14, 2000, order, the trial court made no reference to visitation. Given these facts, and the fact that, because a visitation provision of a custody order is always subject to modification, we conclude that the trial court’s order regarding visitation was final.
“The determination of proper visitation ... is within the sound discretion of the trial court, and that court’s determination should not be reversed absent a showing of an abuse of discretion.” Ex parte Bland, 796 So.2d 340 (Ala.2000). “[C]ases in Alabama have consistently held that the primary consideration in setting visitation rights is the best interests and welfare of the child. Furthermore, each child visitation case must be decided on its own facts and circumstances.” Fanning v. Fanning, 504 So.2d 737, 739 (Ala.Civ.App.1987) (citations omitted). “When the issue of visitation is determined after oral proceedings, the trial court’s determination of the issue will not be disturbed absent an abuse of discretion or a showing that it is plainly in error. Andrews v. Andrews, 520 *841 So.2d 512 (Ala.Civ.App.1987).” Dominick v. Dominick, 622 So.2d 402, 403 (Ala.Civ.App.1993).
The father argues that, pursuant to the trial court’s order, visitation is solely at the discretion of the mother, and that, therefore, entering that order was an abuse of its discretion. We agree. In Bryant v. Bryant, 739 So.2d 53 (Ala.Civ.App.1999), the trial court entered a judgment that awarded visitation to the noncustodial parent at the discretion of the custodial parent. This court reversed, holding that the trial court had abused its discretion in establishing visitation solely at the discretion of the custodial parent. In so holding, this court noted that “[w]hile the record indicates that there had been no disputes over the husband’s visitation with the children up to the time of the judgment, the trial court’s judgment would allow the wife to resolve such disputes by stopping the husband’s visitation completely.” Bryant v. Bryant, 739 So.2d 53, 56 (Ala.Civ.App.1999).
Like the judgment in Bryant v. Bryant, supra, the trial court’s judgment in this case does not set forth any minimal visitation schedule for the father, but rather leaves that determination to the mother. Therefore, we reverse the judgment and remand for the trial court to enter a judgment establishing visitation for the father so as to serve the best interests of the child.
REVERSED AND REMANDED.
CRAWLEY and PITTMAN, JJ., concur.
YATES, P.J., and MURDOCK, J., concur in the result.