Sandy Renee Guy Pate ("the mother") appeals from a contempt judgment entered by the Chilton Circuit Court in response to her continuing failure to provide Gregory Gilbert Guy ("the father") his court-ordered visitation with the parties' children.
The parties have two minor children whose primary physical custody rests with the mother; the father was awarded strictly supervised visitation with the children. Throughout the pendency of the parties' divorce action, the alternating-weekend visitation exchanges were marked by disruptive confrontations and arguments between the parties and their respective families.
Although the divorce judgment was entered on July 15, 2004, that judgment did not set a date for commencement of supervised visitation. Although the mother filed a timely notice of appeal from the divorce judgment, the trial court denied her motion to stay enforcement of the visitation provisions of the judgment on July 27, 2004. In response to motions filed by the children's paternal grandparents and the father, the trial court entered an order on July 28, 2004, specifically clarifying that supervised visitation would begin on the weekend of July 30, 2004.[1]
The mother did not deliver the children that weekend in accordance with the court order; thereafter, the father and the paternal grandparents filed motions requesting that the mother be found in contempt for failing to comply with the visitation provisions of the divorce judgment. In addition, both the father and the paternal grandparents sought an award of attorney fees. On August 30, 2004, the trial court determined that the mother would be incarcerated for one day because of "her direct criminal contempt of this court's [visitation] order." In addition, the trial court ordered the mother to pay $6,000 in attorney fees to defray the father's and the paternal grandparents' legal costs in the post-divorce litigation. The mother filed a timely appeal from the award of attorney fees.[2]
The mother's sole allegation of error is the trial court's award of an attorney fee to the father and the paternal grandparents. Before we address whether the attorney-fee award was proper in this *Page 1072 
case, we review the difference between civil contempt and criminal contempt. In general, civil contempt seeks to compel compliance with a trial court's judgment or order, while criminal contempt imposes punishment for failure to obey a judgment or order of the court. Rule 70A, Ala. R. Civ. P.; see also State v.Thomas, 550 So.2d 1067, 1072 (Ala. 1989). An essential element of a finding of criminal contempt is that such a finding is intended to punish the contemnor, while a finding of civil contempt seeks to compel future compliance with court orders.See generally Chestang v. Chestang, 769 So.2d 294 (Ala. 2000). Sanctions for criminal contempt are limited by statute to a maximum fine of $100 and imprisonment not to exceed five days.See Ala. Code 1975, § 12-11-30(5). On the other hand, sanctions for civil contempt may exceed those limits and may continue indefinitely until the contemnor performs as ordered.
In this case, the trial court determined that the mother was in contempt of court for her failure to follow the visitation provisions in the divorce judgment; the trial court then ordered her to be incarcerated for 24 hours. In Chestang v. Chestang,supra, our Supreme Court reviewed the provisions of Rule 70(A), Ala. R. Civ. P., the rule that governs contempt in civil cases. The Supreme Court noted that Rule 70A(a)(2)(C) defines two types of criminal contempt: (1) misconduct that obstructs the administration of justice and (2) willful disobedience or resistance to a court order or judgment "`where the dominant purpose of the finding of contempt is to punish the contemnor.'"Chestang, 769 So.2d at 297-98. Concluding that the trial court's judgment in Chestang was not designed to punish the contemnor but that it was instead designed to compel compliance on the part of the contemnor, our Supreme Court affirmed the award of an attorney fee in that contempt case.
The record in this case reveals that the mother had consistently stymied earlier court efforts to institute reasonable paternal visitation with the parties' children. Throughout the pendency of the divorce proceedings, the mother failed to follow pendente lite visitation instructions. By the time of the August 2004 contempt hearing, the trial court had set a strictly supervised visitation schedule as part of the divorce judgment, but the mother had refused to comply with that schedule. In an attempt to impress upon the mother the importance of following the visitation provisions in the divorce judgment, the trial court found the mother in contempt and sentenced her to 24 hours in jail. This is the very essence of criminal contempt.See Rule 70A, Ala. R. Civ. P., and Chestang, supra.
The father asserts that this court has previously allowed a trial court to enter a contempt judgment and to award an attorney fee to a "prevailing" party, citing Wilson v. Freeman,402 So.2d 1004 (Ala.Civ.App. 1981); he also invokes Ala. Code 1975, §30-2-54. The father's reliance on those authorities is misplaced.Wilson involved an appeal from a denial of a child-custody-modification petition in which the appellant challenged the trial court's requirement that the supporting spouse pay, during the pendency of the appeal, delinquent child support and an attorney-fee award. It is important to note that the payor spouse in Wilson did not appeal from the actual award of attorney fees in that case.
In addition, we note that the legislature enacted § 30-2-54, Ala. Code 1975, to allow an attorney-fee award to a prevailing party in actions for divorce or to recover unpaid child-support, alimony, or maintenance awards. The pertinent "action" in this case concerned child visitation, not *Page 1073 
support, and § 30-2-54, Ala. Code 1975, thus does not apply.
The judgment in this case clearly indicates that the mother was to be incarcerated for failing to comply with the court-ordered visitation schedule. Our Supreme Court has determined that although an award of attorney fees in a criminal-contempt proceeding is improper, such an award does not render the contempt judgment void. See, e.g., Ex parte J.R.W.,667 So.2d 88 (Ala. 1995). That portion of the trial court's judgment purporting to award an attorney fee "`must be considered as mere surplusage and severed from the judgment.'" Ex parte Collins,860 So.2d 1259, 1260 (Ala. 2003) (quoting State ex rel. Payne v.Empire Life Ins. Co. of America, 351 So.2d 538, 545 (Ala. 1977)). Based on those established precedents, we reverse the trial court's award of $6,000 in attorney fees to the father and the paternal grandparents.
The father's request for an attorney-fee award on appeal is denied.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.
[1] The paternal grandparents had filed a petition in the trial court seeking visitation pursuant to § 30-3-4.1, Ala. Code 1975. The divorce judgment awarded supervised visitation to the father.
[2] We note that the mother does not challenge the contempt judgment itself; she only contests the attorney-fee award.