85 So.3d 435 (2011)
Sean G. CASEY
v.
Jonice Dorriety CASEY.
No. 2090371.
Court of Civil Appeals of Alabama.
July 29, 2011.
Certiorari Denied December 9, 2011 Alabama Supreme Court 1101311.
*437 John L. Jernigan III and Edward L. McMillan IV of Jernigan & McMillan, P.C., Brewton, for appellant.
William R. Strokes, Jr., of Strokes & Strokes, P.C., Brewton, for appellee.

On Application for Rehearing
PITTMAN, Judge.
This court's opinion of March 4, 2011, is withdrawn, and the following is substituted therefor.
Sean G. Casey ("the former husband") appeals from a judgment of the Escambia Circuit Court modifying his visitation privileges with the parties' child and awarding attorney's fees to Jonice Dorriety Casey ("the former wife").
The former husband and the former wife were married in 1999; in 2000, the former husband reentered military service and was temporarily transferred to Florida. During that time, the former wife resided in Atmore and waited for the former husband to receive a permanent assignment; the parties' child was born in September 2000. The parties never reunited, and, in 2003, they decided to proceed with an uncontested divorce. Although the divorce documents were prepared in 2003, the divorce judgment was not entered until December 2006, in part because the former husband had been sent overseas. The divorce judgment incorporated an agreement of the parties; that judgment awarded physical custody of the parties' child to the former wife, awarded the former husband liberal visitation, and ordered the former husband to pay $500 in monthly child support.
The record reveals that, after leaving military service in June 2003, the former husband took employment with a private security company that sent him to Iraq in July 2004; he did not return to Florida until March 2005. Thereafter, he traveled to Idaho briefly and then returned to Florida until September 2005. At that time, he moved to Pennsylvania to attend school and remained there until June 2007. Subsequently, the former husband remarried and moved to New Jersey, staying there until September 2007, when his employer sent him to Saudi Arabia until February 2008.
In May 2007, the former wife filed an action seeking a judgment declaring that *438 the former husband was in contempt for failing to pay $819 in child support and $2,900 in medical expenses (case no. DR-03-180.01); the former husband was served with the complaint in that action in July 2007. At that time, he was notified that a hearing was set for September 2007, when he was scheduled to be in Saudi Arabia, so he hired an attorney in Bay Minette to represent him and to seek a continuance until his return from overseas. After the September 2007 hearing was continued, the former husband terminated the services of that attorney; however, unknown to the former husband, another hearing had been scheduled for December 13, 2007; nothing in the record indicates that the former husband received formal notification from the trial court of that December hearing date. However, the record does contain a November 2007 e-mail message from the former husband to the former wife in which the former husband acknowledged "knowing" that a December hearing date regarding the unpaid child support and medical bills had been set. The former husband telephoned his current wife in New Jersey and discovered that she had not received any notice of an upcoming hearing, so he "assumed" that there would be no hearing in December 2007. When the former husband returned from Saudi Arabia in February 2008, he received notification of the entry of a default judgment that had been entered against him. That judgment had determined the former husband's child-support arrearage to be $29,000.
The former husband contends that the 2008 judgment is void because he did not have notice that the hearing would review child-support payments back to the date the parties had signed their separation agreement, August 2003, that was subsequently incorporated into a divorce judgment in December 2006. He claims that due process requires that he should have been notified by the trial court that the former wife was not seeking the minimal amount originally alleged in her contempt complaint, i.e., $819 in child support and $2,900 in unpaid medical bills. The record does not indicate that the former wife amended her contempt complaint to reflect any increase in her child-support-arrearage claim; moreover, the record does not reflect that any official notice of the December 2007 hearing was sent to anyone representing the former husband other than the former husband's previous attorney. The record also reflects that the former husband, acting pro se, filed a motion for relief from the default judgment on June 9, 2008.[1] Then, on June 25, 2008, the former husband filed a request seeking a modification of visitation, a modification of child support, and the right to claim the child as a dependent for tax purposes and requests concerning the transportation costs of visitation and potential relocation of the parties; that action was assigned case no. DR-03-180.02. The former wife filed an answer; she also filed a counterclaim seeking an order requiring that the former husband be instructed to obtain professional treatment for certain alleged substance-dependency and mental-health issues before being awarded unsupervised visitation with the child.
*439 The trial court conducted a bifurcated ore tenus proceeding to address all pending motions on April 21 and August 31, 2009. During the trial, the former husband and the former wife testified; additionally, the child's maternal aunt testified in support of the former wife's request that the former husband be supervised by members of the former wife's family during future visitation with the child. At the conclusion of the second day of trial, the trial court, without objection from either party, conducted an in camera interview of the child; that interview was not transcribed or made a part of the record on appeal.
On September 30, 2009, the trial court entered a judgment in case no. DR-03-180.02 (the modification action) that purported to deny the former husband's Rule 60(b) motion to set aside the January 2008 judgment in case no. DR-03-180.01 (the contempt action); that judgment also modified the visitation provisions of the parties' divorce judgment and awarded the former husband supervised visitation with the child during specified school vacations. The judgment specifically denied the former husband's requests for a modification of child support, to claim the child as a dependent for tax purposes, and for current and prospective relief as to transportation costs of visitation. In addition, the former husband was ordered to be evaluated by a qualified mental-health professional and to submit to periodic drug testing every 60 days for a specific period; all results of the court-ordered evaluation and tests were to be filed with the trial court during 2010. The trial court scheduled a hearing to review the former husband's supervised visitation for August 2010.[2]
On October 27, 2009, the former husband filed a postjudgment motion seeking either a new trial or that the trial court alter, amend, or vacate the September 30, 2009, judgment; the trial court denied that motion on December 30, 2009. The former husband filed a timely notice of appeal only in case no. DR-03-180.02 (the modification action) and designated only that action in his notice. The former husband contends that the trial court could not properly deny his Rule 60(b) motion filed in the contempt action. Additionally, the former husband asserts that the trial court, in the modification action, erroneously ordered him to undergo drug testing and a mental-health evaluation in order to obtain supervised visitation with the child. The former husband also contends that the trial court erroneously awarded the former wife an attorney's fee.
As an initial matter, we note that the issues raised by the former husband relating to the denial of his Rule 60(b) motion in case no. DR-03-180.01 (the contempt action) may not be considered because the former husband has not filed a notice of appeal in that action. As noted previously, on September 30, 2009, the trial court, in a judgment entered in case no. DR-03-180.02 (the modification action), purported to deny the former husband's Rule 60(b) motion filed in case no. DR-03-180.01 (the contempt action); however, the former husband filed a notice of appeal only in the modification action. Alabama law is well settled that consolidated actions maintain their separate identities, and separate judgments are to be entered in each action. H.J.T. v. State ex rel. M.S.M., 34 *440 So.3d 1276, 1278 (Ala.Civ.App.2009). Any issues raised by the former husband relating to the purported denial of his Rule 60(b) motion, which was filed in case no. DR-03-180.01 (the contempt action), may not be considered because the former husband has not filed a notice of appeal in that case. Because the former husband, for all that appears in the record, has not filed a notice of appeal in the contempt action, we may not address the correctness of any ruling the trial court may have made regarding the former husband's Rule 60(b) motion in the contempt action.
We now address those issues arising from the former husband's appeal in case no. DR-03-180.02 (the modification action). The former husband asserts that the trial court erred in modifying the parties' divorce judgment to provide that his visitation with the child should occur only when supervised by the former wife or members of her family. Our standard of review is well established:
"The trial court has broad discretion in determining the visitation rights of a noncustodial parent, and its decision in this regard will not be reversed absent an abuse of discretion. Alexander v. Alexander, 625 So.2d 433, 435 (Ala.Civ.App.1993). Every case involving a visitation issue must be decided on its own facts and circumstances, but the primary consideration in establishing the visitation rights accorded a noncustodial parent is always the best interests and welfare of the child."
Carr v. Broyles, 652 So.2d 299, 303 (Ala.Civ.App.1994); see also Pratt v. Pratt, 56 So.3d 638 (Ala.Civ.App.2010). In addition, a trial court establishing visitation privileges for a noncustodial parent must consider the best interests of the child, and, when appropriate, it must set conditions on visitation that protect the child. Ex parte Thompson, 51 So.3d 265, 272 (Ala. 2010).
The former husband contends that the trial court did not have any evidence of his present condition upon which to conclude that the best interests and welfare of the child would require that the former husband's visitation be supervised. The former wife testified that the former husband had suffered from depression and substance-abuse issues during the parties' marriage and at the time the parties had separated in 2003. At trial, she testified, and the former husband admitted, that he had suffered from survivor's guilt and depression following the death of some military colleagues in a terrorist bombing in Iraq in 1996. The former wife testified that, based on that past behavior, she and her family were uncomfortable with the former husband's most recent attempts to visit with the child and had not allowed him unsupervised visitation during the three years immediately preceding the hearing in this case.
All the former wife's testimony regarding the former husband's depression and alcohol-related incidents was limited to occurrences during the marriage and immediately after the parties had separated in 2003; she even admitted during cross-examination that, since the divorce, she had not observed the former husband do anything that could be deemed detrimental to the child. The maternal aunt's testimony related her concerns with two of the former husband's visitations with the child upon his last return from Iraq in 2005. The former wife did not offer any negative testimony regarding the former husband as to the four years immediately preceding trial.
For his part, the former husband denied that he had a substance-abuse problem; he stated that he had been "weaned" from narcotic pain medication and was only taking *441 non-narcotic pain medication as a result of a recent back surgery; he admitted that, several years before the hearing, he had been prescribed narcotic medications to deal with back pain, but he stated that he had not taken those medications for several years. Additionally, the former husband testified that he had remarried and had been a productive citizen since the parties' divorce, as evidenced by his acceptance into a medical school in Pennsylvania and his years of service working for a private security company that required its employees to pass drug tests and other background tests in order to be hired and remain employed.
The former husband also testified that he believed that the former wife and her family had interfered with his relationship with the child, noting that they had discouraged use of a cellular telephone that the former husband had given the child and an Internet camera that he had purchased so the two could see each other for virtual visits. He stated during the August 2009 hearing that the former wife had allowed him to see the child only once during 2009 (immediately following the first day of trial in April).
In his brief to this court, the former husband notes that at trial his attorney objected (on the grounds of remoteness and relevance) to all the former wife's testimony regarding his alleged substance-abuse and mental-health issues. The former wife's attorney stated that he would tie those incidents to recent ones, but he never elicited testimony or adduced documentary evidence directly indicating that the former husband had exhibited those problems since 2005. In addition, the trial court specifically noted on the record that, the remoteness of the incidents referenced by the former wife and the maternal aunt in their testimony would be considered in giving weight to that testimony. Nevertheless, the trial court entered a judgment requiring that the former husband's visitation "shall occur only in Atmore, Alabama under the supervision of the former wife or some person designated by the former wife and at places designated by the former wife."
Previously, this court has affirmed orders of supervised visitation in cases in which there were allegations that the noncustodial parent had abused the child or had suffered from serious psychological problems. See Carr v. Broyles, 652 So.2d at 303; see also I.L. v. L.D.L., 604 So.2d 425, 428 (Ala.Civ.App.1992), and Y.A.M. v. M.R.M., 600 So.2d 1035 (Ala.Civ.App. 1992). More recently, it has been suggested that "[o]nce the trial court has identified a particular danger to the health, safety, or welfare of the child, and the record establishes that some restriction on visitation is necessary to protect the child," the trial court is to tailor a visitation order to target that specific concern. Jackson v. Jackson, 999 So.2d 488, 494 (Ala.Civ.App.2007) (plurality opinion as to that issue); see also P.D. v. S.S., 67 So.3d 128 (Ala.Civ.App.2011), and V.C. v. C.T., 976 So.2d 465 (Ala.Civ.App.2007). However, this court cannot determine from the record presented that the supervised-visitation judgment at issue in this case is not responsive to the circumstances of the former husband and the child because the trial court's in camera interview of the child was not recorded or otherwise made part of the record on appeal. In the absence of a transcript of an in camera interview with a child, a reviewing court must assume that the evidence the trial court received during that interview is sufficient to support that court's judgment. See, e.g., Waddell v. Waddell, 904 So.2d 1275, 1279-80 (Ala.Civ.App.2004); Hughes v. Hughes, 685 So.2d 755, 757 (Ala.Civ.App.1996); and Reuter v. Neese, 586 So.2d 232, 235 (Ala. Civ.App.1991). Accordingly, we cannot *442 say that the former husband has demonstrated that the trial court erred in ordering supervised visitation to occur for a definite period.
Similarly, the former husband asserts that the trial court erred in requiring him to submit to drug screens, drug counseling, and psychiatric counseling. Just as a trial court making initial custody and visitation determinations must consider the best interests of the child, so must the trial court determine the accuracy of alleged substance-abuse and mental-health issues and their impact upon the child. See, e.g., Ex parte Devine, 398 So.2d 686, 696-97 (Ala.1981), and Kovakas v. Kovakas, 12 So.3d 693, 697-98 (Ala.Civ.App.2008). As noted previously, an award of visitation is within the discretion of the trial court and must be decided based upon the particular facts of each case. See, e.g., Mann v. Mann, 725 So.2d 989, 992 (Ala.Civ.App.1998); see also M.W.W. v. B.W., 900 So.2d 1230, 1232-33 (Ala.Civ.App.2004). The former husband's challenge to the requirement that he submit to drug screens, drug counseling, and psychiatric counseling during the specified period of supervised visitation fails for the same reason that his challenge to supervised visitation fails. Because we must assume that the evidence the trial court received during the in camera interview with the child is sufficient to support that court's judgment, see Waddell, Hughes, and Reuter, supra, we cannot conclude that the trial court erred in ordering the former husband to submit to testing and counseling in this case.
The former husband also contends that awarding the former wife $3,000 in attorney's fees was error. The Alabama "legislature enacted § 30-2-54, Ala.Code 1975, to allow an attorney-fee award to a prevailing party in actions for divorce or to recover unpaid child-support, alimony, or maintenance awards." Pate v. Guy, 934 So.2d 1070, 1072 (Ala.Civ.App.2005) (emphasis added). Although the pertinent "action" in this case primarily concerned child visitation, it also involved the former husband's requests for a modification of child support and to claim the child as a dependent for tax purposes; thus, we conclude that § 30-2-54, Ala.Code 1975, applies in this case. Alabama law is well settled that "attorney fees are ordinarily available in modification proceedings, the award and amount thereof lying within the sound discretion of the trial court." Ebert v. Ebert, 469 So.2d 615, 618 (Ala.Civ.App.1985) (citing Bell v. Bell, 443 So.2d 1258, 1262 (Ala.Civ.App.1983)); see also S.R.E. v. R.E.H., 717 So.2d 385, 388 (Ala.Civ.App.1998). Cf. Pate v. Guy, 934 So.2d at 1072-73 (because pertinent action concerned child visitation, not support, attorney-fee award was not proper).
We affirm the trial court's judgment in the modification action requiring supervised visitation; requiring the former husband to submit to drug screens, drug counseling, and psychiatric counseling; and awarding the former wife attorney fees.
APPLICATION FOR REHEARING GRANTED IN PART AND DENIED IN PART; OPINION OF MARCH 4, 2011 WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
BRYAN and THOMAS, JJ., concur.
MOORE, J., concurs specially, with writing, which THOMPSON, P.J., joins.
MOORE, Judge, concurring specially.
I concur specially. On application for rehearing, the former husband asserts for the first time that the trial court's judgment denying his Rule 60(b), Ala. R. Civ. P., motion to set aside the January 31, 2008, default judgment has not been entered *443 in case no. DR-03-180.01. Although I agree with the conclusion in the main opinion that the former husband failed to file a notice of appeal in case no. DR-03-180.01, I write specially to note that, when a judgment is rendered, but not entered, as the former husband asserts happened in that action, there is no final judgment from which to appeal. See Bolden v. Wise Alloys, LLC, 5 So.3d 1287, 1289 (Ala.Civ.App.2008). As the main opinion states, "[w]hen actions are ordered consolidated, `each action retains its separate identity and thus requires the entry of a separate judgment.'" H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1278 (Ala.Civ.App.2009) (quoting League v. McDonald, 355 So.2d 695, 697 (Ala.1978)); see also R.J.G. v. S.S.W., 42 So.3d 747, 752-53 (Ala.Civ.App.2009). If, as the former husband asserts, the trial court failed to enter its judgment in case no. DR-03-180.01, there is no final judgment in that action from which the former husband could have appealed.
The former husband also requests that this court reconsider its decision with regard to the visitation provisions of the trial court's judgment. I conclude, however, that that issue was correctly and completely addressed in this court's opinion on original submission. I, therefore, concur in the main opinion's denial of the application for rehearing on that issue.
THOMPSON, P.J., concurs.
NOTES
[1] Although the former wife contends that that motion was an untimely Rule 59, Ala. R. Civ. P., postjudgment motion because (1) the motion was filed more than 30 days after the entry of the judgment and (2) the former husband, albeit inartfully, pleaded that the judgment was void on due-process grounds, we conclude that the former husband's postjudgment motion was a Rule 60(b) motion, and we treat it as such in this opinion. See, e.g., Ex parte Lang, 500 So.2d 3 (Ala. 1986), and Curry v. Curry, 962 So.2d 261 (Ala.Civ.App.2007).
[2] We conclude that, although the trial court scheduled a hearing to review the former husband's supervised visitation, the judgment was final. See K.L.U. v. M.C., 809 So.2d 837, 840 (Ala.Civ.App.2001) (concluding that judgment containing supervised-visitation award to father was final and would support an appeal, although trial court had already set a hearing to review the father's supervised visitation).