MOORE, Judge.
Gilbert Johnston (“the father”) appeals from an order entered by the Washington Circuit Court in a postdivorce modification and contempt proceeding. We dismiss the appeal as being from a nonfinal judgment.

Procedural History

The parties have three minor children, S.E.J., a daughter, whose date of birth is March 17, 2008; P.F.J., a daughter, whose date of birth is December 3, 2009; and C.M.J., a son, whose date of birth is September 23, 2005. The parties were divorced by a judgment of the trial court on October 31, 2011; that judgment awarded, in effect, sole physical custody of the parties’ son to the father and sole physical custody of the parties’ daughters to the mother.
On July 17, 2012, the mother filed a petition to modify custody of the children; she requested sole physical custody of all the children. On July 30, 2012, the mother filed a motion seeking to hold the father in contempt for refusing to allow her to visit the son and requesting that the trial court modify visitation and child support. On September 23, 2012, the father responded to the mother’s custody petition and also requested that the trial court award him sole physical custody of all the children and that it order the mother to pay child support.
On June 17, 2013, the father filed an emergency motion seeking to hold the mother in contempt for her failure to comply with the court-ordered visitation. On October 3, 2013, the mother filed a motion requesting that the court order the father to return the children to her and that the father be held in contempt for failing to return the daughters to her custody.
On November 27, 2013, the father filed a motion requesting that the trial court terminate his child-support obligation retroactive to August 1, 2013; he alleged that the children had been in his custody since July 23, 2013. On December 11, 2013, the trial court entered an order terminating the father’s child-support obligation as of the date of that order.
On March 9, 2015, the father filed a motion requesting that the trial court hold the mother in contempt for her failure to notify him when she changed residences.
After a trial, the trial court entered an order on July 23, 2015, maintaining, in effect, sole physical custody of the daughters in the mother and sole physical custody of the son in the father; the trial court also awarded the mother visitation with the son and awarded the father visitation with the daughters. The trial court also ordered the father to pay child support. The trial court further stated:
“The Court maintains jurisdiction over this matter and sets this matter for review in December, 2015 or January 2016, after the school semester has concluded, at which time the Court will review school records of all three minor children and/or interview the three minor children as part of its review process.”
On July 31, 2015, the father filed a motion entitled “Motion to Alter, Amend, or Vacate Order or, in the Alternative, Motion for New Trial.” On September 22, 2015, the father filed a motion requesting the trial court to suspend the mother’s visitation. On December 11, 2015, the father filed his notice of appeal.

Discussion

On appeal, the father challenges the trial court’s order regarding custody, visitation, and child support.
“We initially address whether the judgment is a final judgment that will sup *905 port an appeal. Matters of jurisdiction are of such magnitude that they may be considered at any time, and courts may consider these matters ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210 (Ala.Civ.App.1997). ‘An appeal will not lie from an order or judgment which is nonfinal.’ Robinson v. Computer Servicenters, Inc., 360 So.2d 299, 302 (Ala. 1978).”
K.L.U. v. M.C., 809 So.2d 837, 840 (Ala.Civ.App.2001). We requested letter briefs from the parties regarding whether the July 23, 2015, order was a final judgment from which the father could appeal and, if so, whether the notice of appeal filed by the father had been timely filed. Both parties responded to this court’s request.
Having reviewed the parties’ briefs and the record, we note that there are several outstanding contempt motions that were not addressed in the July 23, 2015, order or otherwise.[1] In Decker v. Decker, 984 So.2d 1216, 1220 (Ala.Civ.App.2007), this court held that, in postdivorce proceedings, a trial court’s failure to dispose of all motions for contempt relating to the alleged violation of the previous divorce judgment renders a judgment nonfinal. This appeal arises from postdivorce proceedings in which each party filed motions accusing the other party of contemptuously violating the terms of the 2011 divorce judgment. The trial court did not adjudicate those motions, thereby rendering the trial court’s July 23, 2015, order nonfinal. A nonfinal order will not support an appeal. K.L.U., 809 So.2d at 840. Therefore, we dismiss the father’s appeal as being from a nonfinal judgment. Decker, 984 So.2d at 1220.
APPEAL DISMISSED.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs in the result, with writing.

. Although the July 23, 2015, order also sets the case for a review, we do not consider that provision a bar, in and of itself, to finality. See, e.g., K.L.U., 809 So.2d at 840; and Casey v. Casey, 85 So.3d 435, 439 n. 2 (Ala.Civ.App.2011) ("[AJIthough the trial court scheduled a hearing to review the former husband’s supervised visitation, the judgment was final.”).