Rel: March 28, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

————————————————

### CL-2024-0739

————————————————

**Terri Clowdus Cornelius**

**v.**

**Craig Cornelius**

**Appeal from Blount Circuit Court**
**(DR-16-900142.03)**

LEWIS, Judge.

Terri Clowdus Cornelius ("the mother") appeals from a judgment entered by the Blount Circuit Court ("the trial court") in a postdivorce modification and contempt proceeding. We dismiss the appeal.

Procedural History

The mother and Craig Cornelius ("the father") were divorced by a judgment entered by the trial court on April 18, 2017. The divorce judgment also awarded the mother sole physical custody of W.C. ("the child"). The divorce judgment was modified in September 2022 such that the parties exercised joint physical custody of the child.

On July 11, 2023, the father filed a petition for a rule nisi against the mother, alleging that the mother had violated the September 2022 judgment. The father requested that the trial court award him sole custody of the child. On August 24, 2023, the mother filed an answer and a request for discovery. She thereafter filed an amended answer and counterclaimed for a modification of custody and for a finding of contempt against the father. The father then filed a reply to the counterclaim.

On January 31, 2024, the mother filed a motion to restrict the father's visitation. The father responded to that motion the next day. On April 11, 2024, the father filed a motion requesting that the trial court hold the mother in contempt and sanction the mother for filing a protection-from-abuse petition in another circuit court. The mother then responded to that motion. The father thereafter replied to the mother's

response and renewed his motion for contempt and sanctions. The trial court held a hearing on the father's motion at which evidence was introduced indicating that the mother had obtained a protection-from-abuse order against the father, resulting in his missing custodial time with the child. There was also evidence introduced indicating that the mother's boyfriend C.T. was under an order prohibiting him from having contact with his own child. On April 19, 2024, the trial court entered an order holding the mother in contempt, directing that the father be allowed to make up his custodial time, and ordering that the child have no contact with C.T.

After a hearing, the trial court entered an order on May 17, 2024, entitled "Final Order of Modification and Rule Nisi" ("the May 2024 order"). With respect to contempt, that order stated:

> "The Court finds that the Mother … has acted with direct contempt with regard to following the specific and direct orders of this Court including but not limited to orders of the current sitting Judge and the prior sitting Judge. The Court will point to the specific example of the prior order of Judge King that the … child 'sleep in his own bed[.]' During the instant case[,] the Mother has given undisputed testimony that she continues to occupy the same bed as the … child while he is in her custody. In further undisputed testimony[,] the Mother admits to having the … Child in the presence of an individual who the Court SPECFICALLY PROHIBITED the Child from coming in contact with. While the Mother gave

3

a spectacular reason for violating the current Order[,] the Court finds it less than credible. The behavior of the Mother can only be defined as defiant and obstructive with no regard for reasonable authority in the simplest of directives. For [h]er contemptuous actions[,] the Court sentences the Mother to serve 14 days in the Blount County Jail, the court will suspend imposition of this sentence pending a compliance review hearing to be set in this matter."

(Capitalization in original.)

The trial court awarded sole custody of the child to the father and ordered the mother to pay child support. With respect to visitation, the trial court stated, in pertinent part:

"The Mother shall have visitation with the minor child as follows:

"a. Two hours two times per month, said visitation is to be supervised by the R.O.S.S. Marshall County … at the expense of the Mother. Said visitation is intended to be transitional and subject to the counseling plan as discussed later in this order but shall be for a minimum of 120 days from the date of this order.

"b. The Mother may transition to a more standard visitation schedule [attached to the order as an exhibit] pending[] a psychological evaluation, counseling participation[,] and compliance review of this order to be conducted by the Court. The Court[']s standard visitation schedule is attached as exhibit A to this Order."

4

The parties were ordered to participate in family counseling, and the mother was ordered to submit to a psychological evaluation. The trial court further stated: "While the Court considers this a Final Order of Modification and Rule Nisi[,] in an abundance of caution and skepticism and the failure to follow previous Orders of the Court, the Court will conduct a compliance hearing to monitor the continued compliance with this Order." The compliance hearing was set for September 18, 2024. The trial court denied "[a]ny relief requested not specifically granted by this order."

On June 14, 2024, the mother filed what she titled a "Motion to Alter, Amend, or Vacate" the May 2024 order. That same day, the father filed a response to the mother's motion, stating that the mother had failed to comply with the May 2024 order and requesting that the trial court deny the motion or, in the alternative, hold the mother in contempt. On July 23, 2024, the father filed a motion for contempt and for an immediate order. He filed a renewed motion for contempt on August 6, 2024.

On August 14, 2024, the trial court held a hearing on the mother's "Motion to Alter, Amend, or Vacate." That same day, the trial court amended its May 2024 order, stating:

"1. The [mother] shall not come within one thousand (1,000) feet of the … child except for scheduled supervised visits as arranged and supervised through R.O.S.S. Marshall County, or as a participant in family counseling as previously ordered. This restriction shall apply to the [c]hild's School, extra-circular activities, civic functions, school functions, anywhere the [c]hild might visit or frequent. This restriction will apply to members of the [mother's] family or any proxy she might appoint to approach the … child. The [father] may allow other members of the [mother's] family to have contact with the … [c]hild, any such contact must be with the express permission of the [father] as to time place and setting. The term can be amended by the Court at the compliance hearing on September 18, 2024, as previously scheduled.

"2. The [mother] shall not come within one thousand (1,000) feet of the [father] or the [father's] Wife except for scheduled supervised visits as arranged and supervised through R.O.S.S. Marshall County, or as a participant in family counseling as previously ordered.

"3. The Parties shall immediately begin family counseling services with Family Life Services Blountsville Office. The parties shall follow the directions of the Counselor in as much as they do not violate the orders of this Court. Should the Counselor suggest an action that is contrary to the Court's Orders the Parties may petition the Court for review of such conditions and the basis for the request.

"4. The [mother] is to get a psychological examination by Dr. Kimberly Svec Ackerson, Ph.D. …

"5. The daily phone contact between the … [c]hild and the [mother] is hereby suspended pending a recommendation from the Family counselor and the [mother] proving that she can have a conversation with the minor child without making disparaging remarks or attempting to unduly influence the … child by discussing this case in said calls.

"6. The [mother] shall cease and refrain from any further social media posts about this case or anyone associated with this case.

"7. The Court will stay the imposition of the previous contempt sentence of 14 days pending the previously set compliance hearing.

"8. All terms and conditions of the Final Order of Modification not directly amended by this Order shall remain in full force and effect."

On September 4, 2024, the father filed another motion for contempt.

After the September 18, 2024, compliance hearing, the trial court entered an order that same day stating:

"The Court held a compliance hearing on this date and having previously found the [mother] in civil contempt for failure to follow previous orders of the Court. The [mother] continues to be non-compliant with the lawful orders of this Court and the previous finding of contempt is hereby order[ed] and the [mother] is remanded to the Custody of the Blount County Sheriff for a period of 14 days. The [mother] may be released at 12 Noon on October 2, 2024[,] and not before said time and date."

The next day, the trial court entered an order suspending the mother's visitation pending the psychological evaluation. The trial court stated

7

that it would "revisit said visitation upon receipt of [the mother's psychological] evaluation."

On September 20, 2024, the mother filed her notice of appeal to this court.

Discussion

On appeal, the mother challenges the trial court's award of custody, findings of contempt, and requirement that she submit to a psychological evaluation. Initially, this court must determine whether the May 2024 order is a final order that will support an appeal.

> "'[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.' Nunn v. Baker, 518 So. 2d 711, 712 (Ala. 1987). Generally, an appeal will lie only from a final judgment, and if there is not a final judgment then this court is without jurisdiction to hear the appeal. Hamilton ex rel. Slate-Hamilton v. Connally, 959 So. 2d 640, 642 (Ala. 2006). A judgment is not final if it fails to completely adjudicate all issues between the parties. Giardina v. Giardina, 39 So. 3d 204, 207 (Ala. Civ. App. 2009) (citing Butler v. Phillips, 3 So. 3d 922, 925 (Ala. Civ. App. 2008))."

Sexton v. Sexton, 42 So. 3d 1280, 1282 (Ala. Civ. App. 2010).

In the May 2024 order, the trial court awarded the mother supervised visitation but stated that the "visitation is intended to be transitional and subject to the counseling plan as discussed later in this order but shall be for a minimum of 120 days from the date of this order."

8

The order further provided that "[t]he Mother may transition to a more standard visitation schedule [attached to the order as an exhibit] pending[] a psychological evaluation, counseling participation[,] and compliance review of this order to be conducted by the Court." Although the trial court's setting the case for a review is not a "bar, in and of itself, to finality," see Johnston v. Rice, 217 So. 3d 903, 905 n.1 (Ala. Civ. App. 2016), in this case, the trial court specifically stated that the supervised visitation was intended to be transitional pending the mother's psychological evaluation, participation in counseling, and the compliance review set for September 2024. The May 2024 judgment "did not determine all the rights or liabilities of the parties but, instead, reserved the issue of [visitation] pending the occurrence of … specific event[s]." Naylor v. Naylor, 981 So. 2d 440, 441 (Ala. Civ. App. 2007). Therefore, the May 2024 judgment is not a final judgment that will support an appeal.[1] See id.

---

[1]We also note that the most recent order entered before the mother filed her notice of appeal suspended the mother's visitation and stated that it would "revisit said visitation upon receipt of [the mother's psychological] evaluation."

9

We note that, to the extent that the May 2024 order and other orders[2] adjudicated the mother in contempt of court, those orders were immediately appealable.  See, e.g., Gladden v. Gladden, 942 So. 2d 362, 369 (Ala. Civ. App. 2005); Rule 70A(g), Ala. R. Civ. P.  However, because the mother's 14-day sentence has now been served, any argument concerning contempt is now moot.  See, e.g., Davis v. Davis, 317 So. 3d 47, 52 (Ala. Civ. App. 2020) (declining to address the issue of contempt where the appellant had "served her sentence of contempt … and[, thus, this court was] unable to provide her any form of relief").  Therefore, we cannot address the mother's arguments concerning contempt.

Because the mother appealed from a nonfinal judgment and because the contempt issues that are immediately appealable are moot, we dismiss the mother's appeal.  See Sexton, 42 So. 3d at 1283 (dismissing appeal from nonfinal judgment); Underwood v. Alabama

---

[2]With respect to the contempt orders entered after the trial court denied her "Motion to Alter, Amend, or Vacate," the mother argues that the trial court lacked jurisdiction to enter those orders.  We note, though, that, because the May 2024 order was not a final order, the trial court retained jurisdiction to enter further orders in this case.  See, e.g., Lanier v. Surrett, 772 So. 2d 1187, 1188 (Ala. Civ. App. 2000) ("An interlocutory order is subject to revision at any time before the court enters a final judgment that disposes of all the issues.").

State Bd. of Educ., 39 So. 3d 120, 132 (Ala. 2009) (dismissing appeal as moot).

APPEAL DISMISSED.

Hanson and Fridy, JJ., concur.

Moore, P.J., concurs specially, with opinion, which Edwards, J., joins.

MOORE, Presiding Judge, concurring specially.

In Casey v. Casey, 85 So. 3d 435 (Ala. Civ. App. 2011), the Escambia Circuit Court modified the visitation provisions of a divorce judgment by ordering that Sean Casey would only be allowed supervised visits with his child.

> "In addition, [Casey] was ordered to be evaluated by a qualified mental-health professional and to submit to periodic drug testing every 60 days for a specific period; all results of the court-ordered evaluation and tests were to be filed with the trial court during 2010. The trial court scheduled a hearing to review the former husband's supervised visitation for August 2010."

85 So. 3d at 439. Although the case was set for a review of the supervised-visitation plan, this court held that the judgment was final and appealable.

Unlike in Casey, in this case, the Blount Circuit Court ("the trial court") specifically established a "transition" plan in the May 17, 2024, order calling for supervised visitation between Terri Clowdus Cornelius ("the mother") and W.C. ("the child") until the trial court could reevaluate whether to allow for more liberal visitation based on the progress the mother achieved through psychiatric evaluation and counseling. Although the trial court labeled the May 17, 2024, a "final" order, see

12

E.E.K. v. Jefferson Cnty. Dep't of Hum. Res., 976 So. 2d 1021, 1024 (Ala. Civ. App. 2007) (recognizing that the designation of a label as "final" does not control the appealability of the order), the terms of the visitation provision contemplate further proceedings for the purpose of receiving additional evidence and making a more permanent determination on the visitation issue; therefore, the May 17, 2024, order was a pendente lite order. See Sims v. Sims, 515 So. 2d 1 (Ala. Civ. App. 1987). Furthermore, it appears that the May 17, 2024, order, although amended on August 14, 2024, remains interlocutory in nature; the last order, entered on September 19, 2024, suspended the mother's visitation with the child pending the receipt of additional evidence and further evaluation. Therefore, I concur that the appeal must be dismissed for those reasons.

Although the trial court has performed a commendable job of trying to craft a visitation plan that will serve the best interests of the child, the intractability of the mother has prolonged its efforts and delayed the finality of the judgment, except as to the contempt citation, which, as the main opinion correctly concludes, cannot be reviewed due to mootness. The mother has appealed from the custody-modification order, but this court cannot consider that appeal while the case remains pending before

13

the trial court. Unless and until the trial court properly certifies the May 17, 2024, order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., or a final judgment on visitation is entered, the mother cannot appeal from the custody modification. In my opinion, a final child-custody determination should be immediately appealable regardless of the pendency of other claims, see, e.g., Ark. R. App. P. Civ. 2(d) ("All final orders awarding custody are final appealable orders."); Fla. R. App. P. 9.130(a)(3)(C)(iii)(b); Ga. Code Ann., § 5-6-34(a)(11); La. Code Civ. Proc. Ann., art. 3943; Md. Code Ann., Cts. & Jud. Proc., § 12-303(3)(x); Mich. Ct. R. 7.202(6)(a)(iii); Minn. R. Civ. App. P. 103.03(h); N.C. Gen. Stat., § 50-19.1; Ohio Rev. Code Ann., § 2505.02, but Alabama law has not adopted that rule.

Edwards, J., concurs.