40 So.2d 872

**JONES v. JONES.**

**7 Div. 998.**

Supreme Court of Alabama.

May 26, 1949.

Merrill, Merrill & Vardaman, of Anniston, for appellant.

Azar & Campbell, of Montgomery, for appellee.

FOSTER, Justice.

The question here is the custody of a four-year-old girl as between the mother and father. They were divorced by decree dated March 6, 1948, in which it is recited that by agreement between the parties the custody of the child is to be divided equally between complainant and respondent until the child shall reach the age of six years: thereafter complainant (the mother) is to have the custody for the school term of approximately nine months, and respondent (the father) to have the custody for the remaining three months.

This agreement was not in writing, and the decree did not give any detail of how the custody should be equally divided, the child not having reached the school age. But the parties by mutual arrangement undertook to do so, by which each parent would have four to five weeks' custody successively. This arrangement continued until the mother declined to allow the child to go to its father's custody, bringing on this proceeding. The father seeks to have the original decree enforced; the mother seeks to have the all time custody awarded to her. The trial court granted the petition of the mother and modified the former decree so as to award to the mother the all-time custody. The mother has remarried and has good, respectable and comfortable home surroundings in Montgomery. The husband continues to live in Anniston.

There was ample proof to sustain the decree of the trial court on account of the habits of the father, and the better circumstances of the mother, and because it would not be to the interest of the child to make an extended visit to the father. Details had better not be here recited.

The decree is of course not unchangeable, and the agreement of the parties is not binding in respect to court action thereafter invoked. Payne v. Payne, 218 Ala. 330, 118 So. 575. The court continues to hold the power to make such modification as a change in the circumstances may justify in the future.

The mother will doubtless consent for the father to visit the child when and if his condition justifies it. We do not think it advisable to make specific direction.

Affirmed.

BROWN, LAWSON, and STAKELY, JJ., concur.