Donnell Kirksey, pro se, sued Hattie May Kirksey Roberts, alleging breach of contract. On January 17, 1992, Roberts filed an answer and a jury demand. On February 14, 1992, the trial court set the case for trial on July 27, 1992, with a docket call to be held on July 24, 1992. Approximately five months after the trial court set the case for trial, Kirksey moved for a continuance, saying "[he] was incarcerated and unable to [obtain] an order [from] the Department of Corrections to transport [him] to the Shelby County Courthouse on the day of trial"; and that his "intended attorney . . . [could not] schedule his appearance for the said date and [Kirksey] require[d] . . . additional time to retain another attorney." In the alternative, if the trial court denied his motion for continuance, Kirksey requested that the trial court issue "a writ of habeas corpus ordering the Sheriff's Department to transport [him] from the Department of Corrections to the trial court." The trial court denied Kirksey's motion. Thereafter, at the call of the docket, "being notified by way of [Kirksey's] motion for continuance . . . that Kirksey is incarcerated and unavailable for trial," the trial court granted Roberts's motion to dismiss. Kirksey appeals, pro se. We affirm.
In his brief on appeal, Kirksey maintains that the "action taken by the [trial] court denied [him] the right to prosecute the action." Kirksey's brief contains no legal analysis and no citation to any legal authority supporting his argument. Kirksey, therefore, has technically failed to comply with Rule 28, A.R.App.P. While the Court endeavors to avoid affirming judgments based on technicalities, when the Court cannot discern the merits of an appellant's claim because the appellant has failed to articulate the claim and has failed to present authorities in support of the claim, the Court will refuse to consider the appeal, if the circumstances of the appellant's failure make it appropriate that we do so. See,Stover v. Alabama Farm Bureau Ins. Co., 467 So.2d 251
(Ala. 1985). However, in this case, because we are able to adequately discern the issue Kirksey presents, in spite of his failure to present authorities in support of his claim, we will not affirm merely because of a technicality. We affirm, nonetheless, because Kirksey failed to present any evidence that the trial court abused its discretion in denying his motion for a continuance, Wood v. Benedictine Society ofAlabama, Inc., 530 So.2d 801 (Ala. 1988); Scullin v. Cameron,518 So.2d 695 (Ala. 1987), and because he failed to comply with the statutory requirements of Ala. Code 1975, § 15-21-1, in seeking a writ of habeas corpus.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.