Joe Duray Bryant ("the husband") appeals from a judgment entered by the Russell County Circuit Court that, among other things, divorced him from Mary Elizabeth Bryant ("the wife").
The parties were married in 1986. Two children were born of the parties' marriage; they were 9 and 11 years of age at the time of the parties' divorce. In July 1998, the husband filed a complaint for divorce, alleging, among other things, incompatibility of temperament. He sought possession of the marital residence, temporary custody of the parties' children, and an order restraining the wife from harassing and threatening him. He also sought custody of the children; an award of the marital residence; an award of a 1992 Nissan truck; an assignment of one-half of the marital debt; and an award of attorney fees. The wife answered and counterclaimed for a divorce on the same grounds. In August 1998, the trial court entered a pendente lite order awarding the wife temporary custody of the parties' children, exclusive possession of the marital residence, and child support in the amount of $545.11 per month.
On November 20, 1998, after an ore tenus proceeding, the trial court entered a judgment of divorce that awarded the wife custody of the children, subject to the husband's receiving reasonable visitation at the wife's discretion; awarded her use of the marital residence until such time as she remarries or the parties' youngest child reaches the age of majority; and awarded her all furnishings and furniture in the marital residence, except the "family room set," which was awarded to the husband. The wife was ordered to pay the credit-card debt, and the husband was ordered to pay $799.36 per month in child support and to make the mortgage payment on the marital residence, in the amount of $688 per month. The husband filed a timely post-judgment motion, which the trial court denied. *Page 55 
On appeal, the husband argues: (1) that the trial court erred in failing to award the parties joint custody of the children; (2) that the trial court erred in failing to award any specific visitation for him; and (3) that the trial court's requirement that he make the mortgage payment on the marital residence, in addition to paying the child support ordered, was inequitable.
The parties began having marital problems in 1991. They had separated on three separate occasions before their final separation. The husband testified that the wife did not properly care for the children and that she could not "hold down a job." He testified that the wife had placed the children in unreasonable danger when she was involved in a "high-speed car chase," in which her car flipped several times and hit a house. He also testified that the wife had hit him.
The wife testified that the husband had had affairs with other women. With regard to the automobile chase, she stated that a woman was in an automobile with the husband and that she was trying to get him to stop his automobile so she could find out what was going on. She also testified that because of the nature of the husband's employment she has had to quit several jobs to accommodate the husband's transfer to different locations.
I. Custody of the Parties' Children
The husband first argues that the trial court erred in failing to award the parties joint custody of the children. This court has held:
 "[O]ur standard of review is very limited in cases where the evidence is presented ore tenus. A custody determination of the trial court entered upon oral testimony is accorded a presumption of correctness on appeal, Payne v. Payne, 550 So.2d 440 (Ala.Civ.App. 1989), and Vail v. Vail, 532 So.2d 639 (Ala.Civ.App. 1988), and we will not reverse unless the evidence so fails to support the determination that it is plainly and palpably wrong, or unless an abuse of the trial court's discretion is shown. To substitute our judgment for that of the trial court would be to reweigh the evidence. This Alabama law does not allow. Gamble v. Gamble, 562 So.2d 1343 (Ala.Civ.App. 1990); Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App. 1985)."
Phillips v. Phillips, 622 So.2d 410, 412 (Ala.Civ.App. 1993). Further, "[i]n an initial custody determination the parties stand on equal footing without a favorable presumption to either."Williams v. Williams, 602 So.2d 425 (Ala.Civ.App. 1992). "In determining which parent should have custody, the paramount consideration is the health, safety, and well-being of the child."Id.
The husband contends that it is the policy of the State of Alabama to award joint custody, citing § 30-3-150, Ala. Code 1975. Section 30-3-150 provides:
 "Joint Custody. — It is the policy of this state to assure that minor children have frequent and continuing contact with parents who have shown the ability to act in the best interest of their children and to encourage parents to share in the rights and responsibilities of rearing their children after the parents have separated or dissolved their marriage. Joint custody does not necessarily mean equal physical custody."
We note, however, that § 30-3-152(a), Ala. Code 1975, provides:
 "The court shall in every case consider joint custody but may award any form of custody which is determined to be in the best interest of the child. In determining whether joint custody is in the best interest of the child, the court shall consider the same factors considered in awarding sole legal and physical custody and all of the following factors:
 "(1) The agreement or lack of agreement of the parents on joint custody.
 "(2) The past and present ability of the parents to cooperate with each other and make decisions jointly. *Page 56 
 "(3) The ability of the parents to encourage the sharing of love, affection, and contact between the child and the other parent.
 "(4) Any history of or potential for child abuse, spouse abuse, or kidnapping.
 "(5) The geographic proximity of the parents to each other as this relates to the practical considerations of joint physical custody."
(Emphasis added.)
Although both the husband and the wife requested custody of the children, neither party requested joint custody. In the absence of a request for joint custody, there is no statutory presumption that joint custody is in the best interests of the children. See Ala. Code 1975, § 30-3-152(c). Although both parties may be good parents, the record indicates that the nature of the husband's employment prevents him from being in town during the week. Under these circumstances, we cannot say that the trial court abused its discretion or was plainly or palpably wrong in awarding the wife custody of the children. Phillips, supra.
 II. Visitation
The husband also argues that the trial court erred in its award of visitation. Specifically, he contends that the trial court's award of "reasonable visitation with the minor children at the discretion of the [wife]" is tantamount to no award of visitation.
At the outset, we note that the determination of visitation rights for the noncustodial parent rests within the sound discretion of the trial court and that its ruling on that matter will not be reversed on appeal absent an abuse of that discretion. Ladewig v. Moxley, 589 So.2d 738 (Ala.Civ.App. 1991).
In this case, the trial court's order vests the husband's right to visit his children completely within the wife's discretion. The law is long-settled that the paramount consideration in setting visitation rights is the best interest of the child. Dubois v. Dubois, 714 So.2d 308 (Ala.Civ.App. 1998); Speakman v. Speakman, 627 So.2d 963 (Ala.Civ.App. 1993). Moreover, as noted in the discussion of § 30-3-150, supra, our Legislature has recognized that a critical component of a child's best interest is a continuing relationship with a parent who is willing to act in the child's best interests. While the record indicates that there had been no disputes over the husband's visitation with the children up to the time of the judgment, the trial court's judgment would allow the wife to resolve such disputes by stopping the husband's visitation completely. Although the courts of this state have not specifically addressed such a broad order of visitation, we note that similar orders have been disapproved in other jurisdictions. See, e.g., Chandler v.Chandler, 261 Ga. 598, 409 S.E.2d 203 (1991) (order leaving visitation completely at the unfettered discretion of father is in effect an order denying any right of visitation); Willey v.Willey, 253 Iowa 1294, 115 N.W.2d 833 (1962) (order allowing mother to visit her children at the father's discretion held improper); McCourtney v. McCourtney, 205 Ark. 111, 168 S.W.2d 200
(1943) (order allowing father visitation with his children on the mother's written permission held improper).
We also note that the record supports the inference that the husband's visitation has been at the discretion of the children. In Moore v. Moore, 331 So.2d 742, 744 (Ala.Civ.App. 1976), this court held that the trial court's allowing visitation by the father only if expressly desired by the children was manifestly unjust. This court stated:
 "The natural and proper relationship of a parent and child should be nurtured, encouraged and protected by the court after the breakdown of a marriage. . . .
 ". . . The responsibility for the cultivation of that relationship should rightfully *Page 57 
be upon the father, and the mother, not upon the child. To so place it is to probably destroy it, not protect it."
The record reveals nothing to support a conclusion that the husband is not committed to his children's best interests or that the best interests of the children would be benefited by vesting the husband's right to visit them solely within the wife's discretion. Accordingly, we conclude that the trial court's visitation order was an abuse of discretion. Therefore, we reverse that portion of the judgment. On remand, the trial court is to grant standard visitation, in addition to any visitation mutually agreed upon by the parties.
III. Division of Property and Award of Child Support
The husband argues that the trial court's order that he make the mortgage payment on the marital residence, in addition to paying the child support ordered, was inequitable.
We note that a trial court's determination as to the division of property following the presentation of ore tenus evidence is presumed correct. Parrish v. Parrish, 617 So.2d 1036
(Ala.Civ.App. 1993). Further, the division of property is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of the trial court's discretion. Id. "The property division need not be equal, but must be equitable, and a determination of what is equitable rests within the broad discretion of the trial court." Parrish, 617 So.2d at 1038.
The husband is in the military service and has a gross monthly income of $3,300; he will soon be promoted and upon promotion will earn more money. The husband testified that at the time of the trial he was residing government quarters and that he had not had to pay rent during the parties' separation; however, he stated that after the divorce, he would have to begin paying rent to live there. He also testified that he and the wife have incurred credit-card debts totalling $10,000 and that he had been making payments of approximately $250 per month for these debts. He stated that other than the mortgage payment and the child-support obligation, he pays premiums for his car insurance, which total $336 per year.
The wife testified that her employment was temporary and that her gross monthly income was $1,563. She stated that her employer was attempting to put her in a permanent position; the permanent position would not increase her income, but would provide her with other benefits that she did not have at the time of trial. She stated that she pays for her car insurance; daycare expenses, which total $70 per week; lunch for the children; and activities for the children. She testified that she is unable to afford the mortgage payment on the marital residence, given her monthly income and her other bills.
It appears from the judgment that the trial court attempted to ease the husband's financial responsibility with regard to the mortgage payment by ordering the wife to pay the credit-card debt. Also, the trial court stated in its judgment that the marital residence is to be sold and the equity divided equally between the parties upon the wife's remarriage or when the parties' youngest child reaches the age of majority.
Under these circumstances, we conclude that the trial court did not abuse its discretion in ordering the husband to make the mortgage payment on the marital residence.
Accordingly, we affirm the trial court's judgment with respect to the custody of the children and the division of property. We reverse that portion of the trial court's judgment concerning child visitation, and we remand the cause for further proceedings regarding visitation.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Yates, Monroe, Crawley, and Thompson, JJ., concur. *Page 58