MOORE, Judge.
Susanne M. Pratt (“the mother”) appeals from a judgment of the Montgomery Circuit Court (“the trial court”) divorcing her from John W. Pratt (“the father”) and awarding her supervised visitation with the parties’ three children. We affirm in part and reverse in part.

*640
Procedural and Factual Background

This divorce action began when the father petitioned for a legal separation from the mother on July 2, 2008. The mother originally answered the father’s petition and counterpetitioned for a divorce, but she later withdrew her counterpetition. The father then amended his petition to seek a divorce. The trial court commenced a trial on February 24, 2009, but it recessed the trial on February 25, 2009, before concluding it on June 15, 2009. In the interim, the trial court awarded pen-dente lite custody of the children to the father and awarded the mother supervised visitation.
The pertinent evidence at trial, when viewed in a light most favorable to the findings of the trial court, indicates that the mother had developed health problems following the birth of the parties’ three children that caused her lethargy and other disabling symptoms, which sometimes prevented her from properly caring for the children. The mother used narcotic and other medications to treat those health problems, resulting in what one expert considered a substance-abuse problem, which another expert described as an “iatrogenic addiction.”[1] The mother appeared to overcome those problems after the parties separated, which allowed her to start working as a nurse and permitted her to exercise custody of the children uneventfully for a period. However, in early December 2008, the mother experienced a seizure-like episode and lost consciousness late at night while at her home in Montgomery with the children and her father. Following that episode, the father obtained custody of the children while the mother remained hospitalized. Upon her discharge several days later, the mother’s treating physicians, who did not definitively diagnose the cause of the episode but suspected it may have arisen from the mother’s medically unsupervised attempt to withdraw from all of her medications, recommended that the mother cease using narcotic medications; however, at the time of trial, the mother continued to use narcotic medications prescribed by her pain-management physician. Some evidence suggested that the mother had also obtained prescription medications from other physicians without coordinating with her primary doctor. All the expert testimony on the subject recommended that, due to her unresolved health and prescription-drug-use problems, the mother should have supervised visitation with the children.
The trial court entered its judgment of divorce on June 24, 2009. In that judgment, the trial court, among other things, divorced the parties, awarded the parties joint legal custody of the children, awarded the father primary physical custody of the children, and awarded the mother supervised visitation. In reference to the mother’s supervised visitation, the judgment stated:
“3. ... The [mother] shall have supervised visitation with the children and said visitation shall be supervised by Roger and Gloria Burk. The counselor, Laurie Mattson Shoemaker, shall prepare guidelines to be given to the supervisors for the supervised visitation.
“4. The schedule of supervised visitation may be upon agreement of the parties, however, said visitation shall occur no less than once every two weeks, beginning June 26, 2009. The location and length of visits are at the discretion *641 of the [father] and the supervising party, however, each visit should last at least two hours and should be held in as ‘home-like’ a setting as possible, so that the children feel comfortable.”
The trial court indicated that the judgment was final, but it scheduled a review hearing for October 5, 2009, for the sole purpose of evaluating the mother’s visitation status.[2]
On July 23, 2009, through new counsel, the mother timely filed a motion to alter, amend, or vacate the judgment or, alternatively, for a new trial. The mother’s post-judgment motion was deemed denied by operation of law on October 21, 2009. See Rule 59.1, Ala. R. Civ.App. The mother then timely filed her notice of appeal.

Analysis

Supervised Visitation

We initially address the mother’s argument that the trial court exceeded its discretion in ordering supervised visitation based on its concern that the mother had developed an addiction to prescription pain medication. From our reading of her brief, the mother does not complain that the trial court did not have sufficient evidence before it to support its concern that the children could be at risk while visiting the mother due to her prescription-drug-use problem. Rather, the mother contends that the trial court should have protected the children by using means other than supervised visitation that would be less intrusive on the parent-child relationship.
“The trial court has broad discretion in determining the visitation rights of a noncustodial parent, and its decision in this regard will not be reversed absent an abuse of discretion.” Carr v. Broyles, 652 So.2d 299, 303 (Ala.Civ.App.1994). In exercising its discretion over visitation matters, “‘[t]he trial court is entrusted to balance the rights of the parents with the child’s best interests to fashion a visitation award that is tailored to the specific facts and circumstances of the individual case.’ ” Ratliff v. Ratliff, 5 So.3d 570, 586 (Ala.Civ.App.2008) (quoting Nauditt v. Haddock, 882 So.2d 364, 367 (Ala.Civ.App.2003) (plurality opinion)). A noncustodial parent generally enjoys “reasonable rights of visitation” with his or her children. Naylor v. Oden, 415 So.2d 1118, 1120 (Ala.Civ.App.1982). However, those rights may be restricted in order to protect children from conduct, conditions, or circumstances surrounding their noncustodial parent that endanger the children’s health, safety, or well-being. See Ex parte Thompson, 51 So.3d 265, 272 (Ala.2010) (“A trial court in establishing visitation privileges for a noncustodial parent must consider the best interests and welfare of the minor child and, where appropriate, as in this case, set conditions on visitation that protect the child.”). In fashioning the appropriate restrictions, out of respect for the public policy encouraging interaction between noncustodial parents and their children, see Ala.Code 1975, § 30-3-150 (addressing joint custody), and § 30-3-160 (addressing Alabama Parent-Child Relationship Protection Act), the trial court may not use an overbroad restriction that does more than necessary to protect the children. See Smith v. Smith, 887 So.2d 257 (Ala.Civ.App.2003), and Smith v. Smith, 599 So.2d 1182, 1187 (Ala.Civ.App.1991).
*642 In Ex parte Thompson, supra, our supreme court recently endorsed supervised visitation as a reasonable means of protecting the child of a noncustodial parent who was suffering from, among other problems, an unresolved substance-abuse condition when the evidence showed that unsupervised visitation would have subjected the child to an unreasonable risk of harm. The mother argues that, in this case, the trial court could have adequately addressed its safety concern for the children by simply ordering that she refrain from using prescription drugs. In Jackson v. Jackson, 999 So.2d 488 (Ala.Civ.App.2007), a plurality of this court concluded that a mother, who was accused of having in the past occasionally used marijuana for recreational use outside the presence of her children, should have been allowed unsupervised visitation subject to a prohibition against exposing the children to any illegal drug use. 999 So.2d at 495. However, the facts of this case differ significantly from those in Jackson. The mother in this case uses narcotic and other prescription medications daily, which use has adversely affected her ability to parent the children in the past and the cessation of which may have caused or contributed to her prior “black-out” episode while in her home with the children. In Ratliff, supra, we found it unreasonable to restrict a mother from using prescription drugs designed to control her mental-health problems while visiting with her children because such a restriction could actually endanger the children. For that same reason, we conclude that the trial court in this case could not have merely ordered the mother to refrain from using her prescription medications while visiting with the children.
Because the trial court reasonably could have concluded that supervised visitation was necessary to protect the children from an unreasonable risk of physical or emotional harm emanating from the condition of the mother, and because the trial court reasonably could have rejected as inadequate the less intrusive means of protection advocated by the mother, we find that the trial court did not exceed its discretion in awarding the mother supervised visitation with the children.

The Discretion Over the Mother’s Visitation Granted to the Father and the Visitation Supervisors

The mother next contends that the manner in which the trial court structured its award of supervised visitation granted the father so much discretion over her right to visitation that the father, in essence, may effectively veto that right. Although the trial court specified that the mother was to receive, at a minimum, two hours of visitation every two weeks, the trial court did not specify the location or the length of the mother’s visits. Rather, the trial court granted the father and the visitation supervisors the exclusive discretion to determine the location of the visitation and whether the mother’s visits should be extended beyond the minimum two-hour period. Additionally, although the trial court’s judgment did not expressly grant the father the right to dictate the time at which the mother’s visits are to be held, the judgment places considerable discretion in the father by requiring his agreement as to the timing of the visitation. Thus, whether the discretion granted to the father and/or the visitation supervisors violates Alabama law is squarely before this court.
Although Alabama law originally found no problem with vesting a custodial parent with complete discretion over the visitation of the noncustodial parent, see Jones v. Jones, 252 Ala. 304, 40 So.2d 872 (1949); Cunningham v. Cunningham, 641 So.2d 807 (Ala.Civ.App.1994), overruled on *643 other grounds by T.L.D. v. C.G., 849 So.2d 200 (Ala.Civ.App.2002); Ellison v. Ellison, 48 Ala.App. 80, 261 So.2d 911 (Ala.Civ.App.1972); and Hayes v. Hayes, 387 So.2d 770 (Ala.Civ.App.1976), over time our appellate courts began to recognize that divorced parties often disagree regarding visitation matters, see, e.g., Harrison v. Harrison, 279 Ala. 675, 189 So.2d 471 (1966); Barran v. Barran, 431 So.2d 1278 (Ala.Civ.App.1983); Cunningham v. Cunningham, 480 So.2d 1238 (Ala.Civ.App.1985); and Darby v. Sherrer, 689 So.2d 875 (Ala.Civ.App.1996), and that a custodial parent should not be allowed to unilaterally limit or restrict the noncustodial parent’s visitation, see Fillingim v. Fillingim, 388 So.2d 1010, 1012 (Ala.Civ.App.1980). This court eventually held that a visitation order awarding “ ‘reasonable visitation with the minor children at the discretion of the [custodial parent]’ ” generally should not be allowed because it authorizes the custodial parent to deny visitation altogether, which would not be in the best interests of the children. Bryant v. Bryant, 739 So.2d 53, 56 (Ala.Civ.App.1999), and id. at 57 (“The record reveals nothing to support a conclusion that the husband is not committed to his children’s best interests or that the best interests of the children would be benefited by vesting the husband’s right to visit them solely within the wife’s discretion.”).
 Since the decision in Bryant, this court has repeatedly held that a judgment awarding visitation to be supervised by the custodian of the child, without establishing a minimal visitation schedule for the noncustodial parent, impermissibly allows the custodian to control all visitation. See K.L.U. v. M.C., 809 So.2d 837 (Ala.Civ.App.2001) (trial court exceeded its discretion by allowing mother complete discretion over father’s visitation with child); K.L.R. v. L.C.R., 854 So.2d 124, 126 (Ala.Civ.App.2003) (rejecting trial court’s judgment that provided mother “ ‘the right of reasonable access [to] visitation’ with the [parties’] children” as failing to set forth a specific schedule for mother’s visitation with children and permitting father to decide mother’s visitation); R.K.J. v. J.D.J., 887 So.2d 915, 916 (Ala.Civ.App.2004) (rejecting visitation schedule that awarded mother supervised visitation “at reasonable time and places” as not sufficiently specific and as allowing custodial parent the ability to deny visitation); L.L.M. v. S.F., 919 So.2d 307 (Ala.Civ.App.2005) (recognizing that the juvenile court was required to set forth a specific visitation schedule for the noncustodial parent rather than placing custodial parent in control of visitation); D.B. v. Madison County Dep’t of Human Res., 937 So.2d 535 (Ala. Civ.App.2006) (plurality opinion) (recognizing that a judgment allowing custodial parent complete discretion over noncustodial parent’s visitation with child was reversible error); and A.M.B. v. R.B.B., 4 So.3d 468 (Ala.Civ.App.2007) (recognizing as reversible error a trial court’s judgment leaving the noncustodial parent’s visitation rights to the sole discretion of the custodial parent or other legal custodian of the child). See also J.J. v. J.H.W., 27 So.3d 519 (Ala.Civ.App.2008) (court’s judgment conditioning mother’s right to visitation on dates and times children visited with maternal grandparents impermissibly deprived mother of right to specific visitation by granting maternal grandparents complete control over whether any visitation occurred); and K.B. v. Cleburne County Dep’t of Human Res., 897 So.2d 379 (Ala.Civ.App.2004) (reversing trial court’s visitation award that allowed the child’s aunt and uncle to dictate terms of mother’s visitation with the child). Based on the above-cited cases, an order of visitation granting a custodian so much discretion over a visitation schedule that visitation could be completely avoided if the custodi *644 an so desired should be deemed to be an award of no visitation and to be in violation of the rights of the noncustodial parent.
This court, however, has affirmed awards of unspecified visitation based on the agreement of the parties when the trial court also provides that, in the event of disagreement, “standard visitation” or some other specified visitation would be imposed. See, e.g., Burleson v. Burleson, 875 So.2d 316, 321 (Ala.Civ.App.2003) (awarding father visitation at “such reasonable times and places as can be mutually agreed upon by the parties,” but specifying a sufficiently definite schedule to be followed in the event the parties could not agree); and Moody v. Nagle, 811 So.2d 546, 548 (Ala.Civ.App.2001) (plurality opinion) (awarding “ ‘visitation at reasonable times and places and if the parties are unable to agree ..., then the following standard visitation schedule will apply....’”).
Thus, a judgment awarding visitation that guarantees the noncustodial parent a specified visitation schedule, while granting the custodian discretion to allow for additional visitation, does not necessarily violate the rights of the noncustodial parent. Burleson, supra; and Moody, supra. The propriety of the judgment depends on whether the noncustodial parent has a sufficient, specified visitation schedule to rely upon, independent of the custodial parent’s discretion.
Applying the rationale of the above-cited cases to the visitation schedule established for the mother in this case, we agree with the mother that the visitation schedule is unduly vague and that it, in fact, fails to provide her with any schedule at all. As noted above, the mother is guaranteed to receive only two hours of visitation every two weeks; she has no guarantee when or where those visits will occur. Because the time and location of her visits are expressly within the discretion of the father (as well as within the discretion of the visitation supervisors), the mother has no recourse should the father elect to schedule those visits at a time and location prohibitive for the mother. Because the trial court has cloaked the father’s decisions with such broad discretion, the father’s lack of cooperation in providing the mother with a reasonable visitation schedule would not be readily addressable by a contempt action.
We also reiterate that “ ‘[t]he trial court is entrusted to balance the rights of the parents with the child’s best interests to fashion a visitation award that is tailored to the specific facts and circumstances of the individual case.’ ” Ratliff, 5 So.3d at 586 (quoting Nauditt v. Haddock, 882 So.2d at 367) (emphasis added). That judicial function may not be delegated to a third party. See, e.g., M.R.J. v. D.R.B., 34 So.3d 1287 (Ala.Civ.App.2009) (reversing as an improper delegation of judicial authority a trial court’s visitation judgment in which the mother’s visitation was at the sole discretion of the child’s guardian ad litem). A trial court is not empowered to delegate its judicial functions even to another governmental agency. Hall v. Hall, 717 So.2d 416 (Ala.Civ.App.1998) (a trial court cannot delegate the decision whether to terminate father’s supervised visitation to those who would decide whether father would be prosecuted for sexual abuse). See also Sloand, v. Sloand, 30 A.D.3d 784, 816 N.Y.S.2d 603 (N.Y.App.Div.2006) (affirming that portion of the trial court’s order awarding supervised visitation to mother, but reversing as an improper delegation of judicial authority that portion of the order delegating to the child’s therapist the authority to expand or reduce mother’s access to child).
*645 The trial court’s visitation award, as written, vests the father and the visitation supervisors with nearly complete discretion in determining when, where, and how the mother exercises her current visitation rights; it also grants a third party the right to decide when and if the mother’s visitation rights should be expanded. Because those are nondelegable determinations for the trial court, we reverse those portions of the trial court’s judgment and remand the cause for the trial court to establish a sufficiently specific visitation order for the mother.

The Discretion Granted to the Children’s Counselor

The mother next asserts that the trial court exceeded its discretion by improperly delegating its judicial authority to the children’s counselor to specify the conditions governing the mother’s supervised visitation. For the same reasons stated in the previous section, we agree. The determination of a parent’s visitation in a divorce action is a judicial function and, as such, only the trial court, subject to review on appeal, is empowered to determine a schedule of visitation between a parent and his or her children. See supra; and Hall, supra. See also Sloand, supra.
By delegating to the children’s counselor the authority to specify guidelines governing the mother’s visitation, the trial court improperly delegated its judicial function to a third party. We, therefore, also reverse that portion of the trial court’s judgment.

Other Issues

The mother further argues that the trial court did not narrowly tailor the supervised-visitation provisions of its judgment using the least restrictive means available because, she says, it was sufficient for the trial court to simply name any suitable adult as a visitation supervisor. The mother, however, raises this argument for the first time on appeal. At the trial, the mother argued only that she should receive unsupervised visitation. Although the mother filed a postjudgment motion, she failed to specifically assert this argument therein. It appears that a hearing was held on the mother’s postjudgment motion; however, the record contains no transcript from that hearing, and we have no indication as to whether the mother raised this argument before the trial court.
“This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.” Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992). See also Gotlieb v. Collat, 567 So.2d 1302, 1304 (Ala.1990) (“This Court cannot put a trial court in error for failing to consider evidence or accept arguments that, according to the record, were not presented to it.”). We, therefore, cannot address the mother’s argument on this issue.
Additionally, the mother’s brief does not articulate any particular dissatisfaction with the supervisors named by the trial court. Thus, we need not address that unraised issue. See Rule 28(a)(10), Ala. R. Civ. P. (stating that the appellant’s brief shall contain an argument setting forth the contentions of the appellant and the reasons therefor, with supporting citations to authority).

Conclusion

We affirm the trial court’s judgment to the extent it required the mother’s visitation with the children to be supervised. We reverse the trial court’s judgment to the extent it granted the father and the visitation supervisors the authority to determine the location and timing of the mother’s visits and to determine whether to increase the length of the mother’s visits. We also reverse that portion of the *646 trial court’s judgment authorizing the children’s counselor to establish guidelines governing the mother’s visitation. We remand the cause to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. "Iatrogenic” is defined to mean "induced inadvertently by a physician or surgeon or by medical treatment or diagnostic procedures.” Merriam-Webster’s Collegiate Dictionary 614 (11th ed. 2003).

. We conclude that, although the trial court scheduled a hearing to review the mother's supervised visitation, the judgment was final. See K.L.U. v. M.C., 809 So.2d 837, 840 (Ala. Civ.App.2001) (concluding that a judgment containing a supervised-visitation award to a father was final and would support an appeal, although the trial court had already set a review hearing of the father's supervised visitation).