MOORE, Judge,
concurring in case no. 2111247 and concurring in part and dissenting in part in case no. 2120407.
As to case no. 2111247, I concur to reverse the juvenile court’s judgments to the extent they terminated the parental rights of B.C. (“the mother”). I believe that A.A. and M.A. (“the custodians”) failed to adequately prove that there was no less drastic alternative than termination of parental rights that would adequately protect the children from parental harm. The evidence in the record indicates that the children are thriving in the current custody arrangement while maintaining beneficial contact with the mother through their visits with R.H.M. and H.R.M. (“the noncustodial relatives”), so that there is no reed to terminate the parental rights of the mother.
As to case no. 2120407, I concur to affirm that part of the juvenile court’s judgments denying the custody-modification petitions filed by the noncustodial relatives. I, however, dissent from the affir-mance of the modification of the noncustodial relatives’ visitation rights.
Upon terminating the mother’s parental rights,[5] the juvenile court modified the specified visitation schedule previously awarded to the noncustodial relatives and substituted a new award granting visitation solely at the discretion of the custodians. The noncustodial relatives argue that, in the past, when the custodians exercised sole discretion as to visitation, the custodians effectively denied them any visitation. Thus, they maintain, the revised visitation provisions will enable the custodians to preclude any visitation between the children and themselves, as well as between the children and the mother, in the future. I agree.
This court has many times noted that, when a trial court awards visitation at the sole discretion of a custodian, the trial court, in effect, awards no visitation at all. See Pratt v. Pratt, 56 So.3d 638, 643 (Ala.Civ.App.2010) (citing numerous cases on point). A custodian can always decide that requested visitation is not practical or convenient and deny visitation without violating any provision of a judgment that would subject them to being held in contempt. Thus, this court has held that, when a court determines that some visitation serves the best interests of the child, the trial court should craft its judgment to specify the visitation schedule in order to assure that visitation occurs. Id. By finding that the noncustodial relatives should have visitation with the children, but failing to specify a schedule for that visitation, *208 the juvenile court erred, and its judgments therefore should be reversed.
Furthermore, this court has reversed the judgments terminating the mother’s parental rights because the record shows that the best interests of the children would be served by maintaining visitation between the mother and the children. The evidence indicates that the mother visits with the children when they visit with the noncustodial relatives.[6] Therefore, this court at least implicitly recognizes that maintaining a scheduled visitation arrangement between the children and the noncustodial relatives serves the best interests of the children so as to constitute a viable alternative to the termination of the mother’s parental rights. Our reversal of the judgments terminating the mother’s parental rights requires reversal of the judgments modifying the visitation rights of the noncustodial relatives in order to assure that the mother maintains consistent and meaningful contact with the children.
Although acknowledging the merits of the noncustodial relatives’ visitation argument, 143 So.3d at 200-01, the main opinion refuses to address that argument based on the noncustodial relatives’ noncompliance with Rule 28(a)(10), Ala. R.App. P. Although I recognize that the noncustodial relatives did not cite pertinent legal authority in support of their position, they did frame their argument sufficiently for this court to understand its factual and legal merits. Our supreme court has held that, when “we are able to adequately discern the issue [the appellant] presents, in spite of his failure to present authorities in support of his claim, we will not affirm merely because of a technicality.” Kirksey v. Roberts, 613 So.2d 352, 353 (Ala.1993); see also Dubose v. Dubose, 964 So.2d 42, 46 n. 5 (Ala.Civ.App.2007) (“[Tjhis court may choose to affirm a case on the basis of Rule 28[, Ala. R.App. P.,] when an appellant’s brief fails to comply with the rule, but this court is by no means required to do so.” (emphasis omitted) (citing Kirksey, 613 So.2d at 353)). Moreover, this court has held that, when the best interests of a child are at stake, technical compliance with procedural rules is a secondary consideration at best. See Fermín v. Lewis, 77 So.3d 164, 171 (Ala.Civ.App.2011). Given the posture of the case, and considering the importance of the interests at stake, I believe this court should exercise its discretion to overlook the noncustodial relatives’ noncompliance with Rule 28.

. The juvenile court might have modified the visitation schedule based on its judgments terminating the parental rights of the mother. In light of our reversal of the termination-of-parental-rights judgments, the juvenile court should have an opportunity to reconsider its ruling on the noncustodial relatives' visitation.

. Currently, the mother has no specified visitation rights of her own.