DONALDSON, Judge.
If a movant requests a hearing on a postjudgment motion filed pursuant to Rule 59, Ala. R. Civ. P., a denial of the motion without an opportunity for the movant to be heard will be reversed if there is probable merit to a ground contained in the motion. See, e.g., Flagstar Enters., Inc. v. Foster, 779 So.2d 1220, 1221 (Ala.2000). In this case, A.J. (“the father”) appeals from a judgment entered by the Clarke Juvenile Court (“the juvenile court”) finding A.J., Jr. (“the child”), dependent, placing temporary custody of the child with E.W. (“the grandmother”), and providing that the father’s visitation with the child would be entirely subject to the grandmother’s discretion. The father filed a Rule 59 postjudgment motion to alter, amend, or vacate the judgment, which included, among other requests for relief, a request for the visitation portion of the judgment to be altered, amended, or vacated. The father asked for a hearing on the motion; however, the motion was denied by operation of law before a hearing was held. Because we hold that at least a portion of the postjudgment motion had probable merit, we reverse the denial of the motion and remand the cause for a hearing to be held on the father’s motion.

Facts and Procedural History

The father and the child’s mother never married. In 2012, the father and the mother discontinued their relationship. On April 8, 2013, the mother died in an automobile accident. The child was three years old at that time. The mother and the child had been living with the grandmother before the mother’s death. On April 15, 2013, the grandmother initiated the underlying dependency action and petitioned the juvenile court for custody of the child. On April 15, 2013, the juvenile court granted the grandmother pendente lite custody of the child and set a hearing on the issue of dependency.
On February 10, 2014, the juvenile court conducted a hearing and received ore ten-us testimony. Evidence was presented regarding the issue of dependency, as well as the issue of custody if the child was found to be dependent. The father testified that he had had an informal arrangement with the mother for visitation with the child before the mother’s death. During the weekend before the mother’s death, the child had been staying at the father’s residence. The father testified that he has not had regular visitations with the child since the dependency petition was filed. The *365 grandmother testified that on April 26, 2013, she allowed the child to go to the father’s residence for a purported birthday party. She learned that there was no birthday party, and the father refused to return the child to the grandmother until law-enforcement officers intervened. The father testified that he had not been aware of the juvenile court order giving the grandmother pendente lite custody of the child at that time. He testified that, after speaking with members of the sheriffs department and his attorney, he returned the child to the grandmother’s residence. The father testified that, for several months after the mother’s death, he would call the grandmother’s residence but that no one would answer the telephone.. The grandmother denied that she had refused to answer the father’s calls. Both parties testified that the father was speaking with the child by telephone regularly at the time of the hearing.
On February 12, 2014, the juvenile court entered a judgment finding the child dependent and placing temporary custody of the child with the grandmother. Regarding the father’s visitation, the juvenile court stated: “Visitation shall be at the discretion of the [the grandmother] until further orders of this Court.” On February 24, 2014, the father filed a motion for a new trial and/or to alter, amend, or vacate the February 12, 2014, judgment on grounds that included an assertion that the juvenile court erred by leaving the father’s visitation rights in the sole discretion of the grandmother. The father specifically requested a hearing on his postjudgment motion. On that same day, the father filed a notice of appeal with this court; as discussed infra, the father’s appeal was held in abeyance pending the disposition of his postjudgment motion. See Rule 4(a)(5), Ala. R.App. P.
On March 6, 2014, the juvenile court entered an order purportedly setting a hearing on the father’s postjudgment motion for May 9, 2014. On May 1, 2014, the father moved to cancel the hearing on his postjudgment motion. The father asserted that his postjudgment motion had already been denied by operation of law and that his notice of appeal had become effective, which meant the juvenile court no longer had jurisdiction to rule on his post-judgment motion. The grandmother moved to continue the proceedings indefinitely pending the outcome of the appeal. On May 7, 2014, the juvenile court canceled the hearing set for May 9, 2014, and indicated that no further action would be taken until the appeal was disposed of by this court.
On appeal, the father argues that the juvenile court erred in failing to conduct a hearing on his postjudgment motion. He also challenges the juvenile court’s jurisdiction over the grandmother’s dependency petition, the finding of dependency as to the child, the grant of temporary custody to the grandmother, and the granting of his visitation right insofar as it was subject entirely to the discretion of the grandmother.
The father filed a motion to strike the grandmother’s appellate brief, in whole or in part, on the basis that the brief as a whole failed to comply with Rule 28, Ala. •R.App. P., and because portions of the brief referred to evidence not in the record. The grandmother’s brief fails to cite any legal authority for her arguments. Rule 28(a)(10) requires arguments in briefs to contain supporting “citations to the cases, statutes, [and] other authorities ... relied on.” Although the grandmother’s brief fails to comply with Rule 28, we decline to strike the brief in its entirety; however, to the extent the grandmother’s brief refers to any evidence or materials *366 not contained in the record, the father’s motion to strike is granted in part. We will not consider any evidence or materials not contained in the record.

Discussion

We first consider the preliminary issue of whether this court has jurisdiction over this appeal. “[JJurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987) (citing Horn v. Dunn Bros., 262 Ala. 404, 79 So.2d 11 (1955)). The father appealed the judgment finding the child dependent but placing only temporary custody with the grandmother. An order is final and appealable if it contains a formal dependency determination coupled with a temporary order of custody that is incidental to that determination and subject to further review. J.J. v. J.H.W., 27 So.3d 519, 522 (Ala.Civ.App.2008) (citing Potter v. State, Dep’t of Human Res., 511 So.2d 190, 192 (Ala.Civ.App.1986); and C.L. v. D.H., 916 So.2d 622, 625-26 (Ala.Civ.App.2005)); see E.D. v. Madison Cnty. Dep’t of Human Res., 68 So.3d 163, 167 (Ala.Civ.App.2010) (holding an order sufficiently final for the purpose of appeal when it addressed “the disposition of the child pursuant to the juvenile court’s finding of dependency,” among other things). The judgment entered on February 12, 2014, found the child dependent and expressly placed temporary custody of the child with the grandmother. The judgment, therefore, was sufficiently final to support an appeal.
Additionally, we note that the father’s postjudgment motion and notice of appeal were both timely filed. See Rule 1(B), Ala. R. Juv. P. (requiring postjudgment motions in juvenile matters to be filed within 14 days of the entry of the judgment), and Rule 28(C), Ala. R. Juv. P. (requiring a notice of appeal in juvenile matters to be filed “within 14 days of the date of the entry of order or judgment appealed from”). “A notice of appeal filed after the entry of judgment but before the disposition of all post-judgment motions ... shall be held in abeyance until all post-judgment motions ... are ruled upon; such a notice of appeal shall become effective upon the date of disposition of the last of all such motions.” Rule 4(a)(5), Ala. R.App. P. Even though the father filed a notice of appeal on the same day he filed the post-judgment motion, the notice of appeal was held in abeyance until a ruling was entered on the father’s postjudgment motion. The postjudgment motion was denied by operation of law pursuant to Rule 1(B), Ala. R. Juv. P., on March 10, 2014, on which date the notice of appeal became effective and timely.[1] See also Rule 59.1, Ala. R. Civ. P. (analogous rule applicable to postjudgment motions in non-juvenile cases).
We next consider whether the juvenile court erred in not holding a hearing, as requested, on the father’s postjudgment motion. Initially, we note that the father’s motion to cancel the hearing on his post-judgment motion was not invited error. See Ex parte King, 643 So.2d 1364, 1366 (Ala.1993) (“[The doctrine of invited error] provides that a party may not complain of error into which he has led the court.”). The juvenile court entered an order scheduling a hearing on the father’s post- *367 judgment motion on a date that was after the date the postjudgment motion would be denied by operation of law. The father’s motion to cancel that hearing correctly noted that, at that time, the juvenile court was already without jurisdiction to rule on his postjudgment motion. See T.P. v. T.J.H., 10 So.3d 613, 614 (Ala.Civ.App.2008) (holding that juvenile court lacked jurisdiction to enter an order on a post-judgment motion when the motion had already been denied by operation of law). Although the juvenile court canceled the hearing partially at the father’s request, the motion to cancel a hearing that was moot did not invite the juvenile court to err.
“Generally, when a party requests a hearing on a postjudgment motion [pursuant to Rule 59], the court must grant that request.” Mobile Cnty. Dep’t of Human Res. v. C.S., 89 So.3d 780, 784 (Ala.Civ.App.2012). Rule 59(g), Ala. R. Civ. P., provides that a postjudgment motion “shall not be ruled upon until the parties have had opportunity to be heard thereon.”
“Although it is error for the trial court not to grant such a hearing, this error is not necessarily reversible error. For example, if an appellate court determines that there was no probable merit to the motion, it may affirm based on the harmless-error rule. See Rule 45, Ala. R.App. P.; and Kitchens v. Maye, 623 So.2d 1082, 1088 (Ala.1993) (‘failure to grant a hearing on a motion for new trial pursuant to Rule 59(g) is reversible error only if it “probably injuriously affected substantial rights of the parties” ’).”
Flagstar Enters., Inc. v. Foster, 779 So.2d at 1221. “This principle applies to requests for hearings on Rule 59 motions that are subsequently denied by operation of law under Rule 59.1,” Ala. R. Civ. P., which is analogous to Rule 1(B), Ala. R. Juv. P. Blackburn v. Blackburn, 794 So.2d 1197, 1199 (Ala.Civ.App.2001) (citing Palmer v. Hall, 680 So.2d 307 (Ala.Civ.App.1996)).
“ ‘ “Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.” ’ ”
DWOC, LLC v. TRX Alliance, Inc., 99 So.3d 1233, 1236 (Ala.Civ.App.2012) (quoting Kitchens v. Maye, 623 So.2d 1082, 1088-89 (Ala.1993), quoting in turn Greene v. Thompson, 554 So.2d 376, 381 (Ala.1989)). Rule 59(g) and the harmless-error exception are applicable to juvenile-dependency cases. Rule 1(A), Ala. R. Juv. P.; T.D.I. v. A.P., 153 So. 807, 814 (Ala.Civ.App.2013).
In his postjudgment motion, the father contended that the portion of the juvenile court’s judgment regarding visitation must be altered, amended, or vacated because it left the father’s visitation entirely to the discretion of the grandmother. “ ‘The trial court has broad discretion in determining the visitation rights of a noncustodial parent, and its decision in this regard will not be reversed absent an abuse of discretion.’ ” Pratt v. Pratt, 56 So.3d 638, 641 (Ala.Civ.App.2010) (quoting Carr v. Broyles, 652 So.2d 299, 303 (Ala.Civ.App.1994)). However, we have held that,
“ ‘[although this court recognizes that visitation is a matter left to the sound discretion of the trial court, such discretion is not unbounded. This court has previously held that it is reversible error for a juvenile court to leave the matter *368 of a noncustodial parent’s visitation rights to the sole discretion of a custodial parent or other legal custodian of the child. See, e.g., L.L.M. v. S.F., 919 So.2d 307 (Ala.Civ.App.2005) (reversing a juvenile court’s visitation award that placed the father in control of the mother’s visitation with the child), and K.B. v. Cleburne County Dep’t of Human Res., 897 So.2d 379 (Ala.Civ.App.2004) (reversing a juvenile court’s visitation award that essentially conditioned the mother’s right to visitation with her child upon the consent of the child’s aunt and uncle); see also D.B. v. Madison County Dep’t of Human Res., 937 So.2d 535, 541 (Ala.Civ.App.2006) (plurality opinion reversing a juvenile court’s judgment that made the mother’s visitation “ ‘subject to any conditions and limitations deemed to be necessary and appropriate’ ” by the child’s great aunt, who was awarded custody of the child).’ ”
J.K. v. State Dep’t of Human Res., 103 So.3d 807, 815 (Ala.Civ.App.2012) (quoting A.M.B. v. R.B.B., 4 So.3d 468, 471-72 (Ala.Civ.App.2007)). A judgment leaving visitation to the sole discretion of a party, in effect, fails to provide for visitation. M.R.J. v. D.R.B., 34 So.3d 1287, 1292 (Ala.Civ.App.2009).
The juvenile court left the father’s visitation entirely to the discretion of the grandmother. The grandmother’s argument in support of the judgment refers only to her testimony that on one occasion the child visited the father on the pretense of attending a birthday party and the father refused to return the child without the involvement of law enforcement. We are not directed to any other evidence in the record to support the visitation provision as ordered. Moreover, the grandmother’s testimony supports the need to provide specific terms for the father’s visitation, because the parties do not appear to communicate sufficiently to arrange for unscheduled visitation. We, therefore, conclude that the father’s postjudgment motion had probable merit at least regarding the visitation provision.
We reverse the denial of the father’s request for a hearing on his postjudgment motion, and we remand the cause for a hearing on the father’s motion and for further proceedings consistent with this opinion. Because we find the father’s argument regarding the juvenile court’s failure to hold a hearing on his postjudgment motion regarding visitation to be disposi-tive, we pretermit discussion of the father’s remaining arguments on appeal.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Rule 1(B), Ala. R. Juv. P., provides that a postjudgment motion in a juvenile matter "shall not remain pending for more than 14 days,” unless the time for ruling on such a motion is extended in accordance with the rule, and that "[a] failure by the juvenile court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”