THOMAS, Judge,
concurring specially.
-Brianne Claire Lee (“the mother”) initiated an action against Keevis D. Watkins (“the father”) in the Morgan Circuit Court (“the trial court”) requesting, among other things, that the trial court establish visitation with the parties’ two children (hereinafter referred to collectively as “the children”). Regarding that request, the trial court’s judgment awarded the father visitation and provided that
“[t]he mother has the right to refuse visitation of the father if, in her judgment, (1) the father appears to be under the influence of drugs or alcohol, or (2) the father appears to be placing the children in' an unsafe environment or to be placing them in a place of danger.”
I concur with the main opinion’s affir-mance of the trial court’s judgment for the reasons discussed therein. The dissent concludes that, by including the foregoing provision in its judgment, the trial court, improperly delegated its judicial authority to the mother and that its judgment should therefore be reversed.
I concur specially to note that, fundamentally, the provision at issue did-not provide the mother with more discretion over the father’s visitation than she would have had in its absence. In other words, *91 there is no legal requirement that a custodial parent place his or her minor children in the care of a person that he or she believes to be under the influence of drugs or alcohol or believes would place his or her children in an unsafe environment or place of danger, even when that person is the noncustodial parent.
When such circumstances are present, it is not a competition between the custodial rights of the respective parents with which the law is concerned; its aim is rather to protect the right of the children to be free from such conditions—an entitlement to which the noncustodial parent’s visitation rights must necessarily be subordinated. See B.F.G. v. C.N.L., 204 So. 3d 399, 404-05 (Ala. Civ. App. 2016)(quoting Pratt v. Pratt, 56 So.3d 638, 641 (Ala. Civ. App. 2010))(“ ‘[Visitation] rights may be restricted in order to protect children from conduct, conditions, or circumstances' surrounding their noncustodial parent that endanger the children’s health, safety, or well-being.’ ”).