MOORE, Judge,
dissenting.
On May 4, 2016, the Morgan Circuit Court (“the trial court”) entered a judgment that, among other things, awarded Keevis D. Watkins (“the father”) visitation with A.P.W. and K.D.W. (“the children”). The judgment provides that Brianne Claire Lee (“the mother”)
“has the right to refuse visitation of the father if, in her judgment, (1) the father appears to be under the influence of drugs or alcohol, or (2) the father appears to be placing the children in .an unsafe environment or to be placing them in a place of danger.”
The father appeals from that judgment,arguing that the foregoing provision unlawfully vests the-mother-with sole discretion over his visitation with the children. A majority of the court affirms the judgment. I respectfully dissent.
Alabama law provides a noncustodial parent with reasonable rights to visitation if that visitation is in the best interests of his or her child. Naylor v. Oden, 415 So.2d 1118, 1120 (Ala. Civ. App. 1982). In this case, the trial court ordered the parties to determine the visitation schedule for the father, but established a visitation schedule for the father in the event an agreement could not be forméd, so the trial court impliedly found that visitation served the best interests of the children. Visitation rights may be restricted in order to protect children from harm. See Ex parte Thompson, 51 So.3d 265, 272 (Ala. 2010) (“A trial court in establishing visitation privileges for a noncustodial parent must consider the best interests and welfare of the minor child and, where appropriate, as in this case, set conditions on visitation that protect the child.”). In this case, the trial court received some evidence indicating that the father had abused alcohol and marijuana and that he had not informed the mother where he was residing. Based on that evidence, the trial court could have determined that it was necessary to impose visitation restrictions to assure that the father do'es not use alcohol or marijuana while visiting with the children and to assure that the visitation takes place in a safe environment.
The father complains, however, that the wording of the restriction adopted by the trial court improperly vests the mother with the power to be. the “sole determiner” of visitation. The father cites H.H.J. v. K.T.J., 114 So.3d 36 (Ala. Civ. App. 2012), for the proposition that a court cannot vest a third party with discretion over the visitation rights of a noncustodial parent. In H.H.J., the trial.court ordered visitation solely- at the discretion of the minor child. This court reversed the judgment, citing *92 Parker v. Parker, 269 Ala. 299, 303, 112 So.2d 467, 471 (1959), which the court described as “reversing a judgment placing visitation at the discretion of the child and stating that ‘a decision as to what is best for the child’ should be made by the trial court rather than the child.” 114 So.3d at 44. The father relies on H.H.J. for the proposition that a trial court cannot authorize a third party discretion over the visitation rights of a noncustodial parent. Although not the most apt case on point, H.H.J. does support the father’s position sufficiently to constitute legal authority to support his argument that the judgment in this case should be reversed because it vests in the mother undue discretion over his visitation rights.
In Ex parte Borden, 60 So.3d 940, 943 (Ala. 2007), our supreme court explained that Rule 28(a)(10), Ala. R. App. P., requiring legal argument with citation to authorities, is intended “to conserve the time and energy of the appellate court and to advise the opposing party of the points he or she is obligated to make.” If the appellate brief adequately frames the issue presented in the appeal so that the appellate court and the opposing party can discern the argument being made against the judgment, the failure to cite “an abundance of legal authority” does not result in waiver under Rule 28(a)(10). Roberts v. NASCO Equip. Co., 986 So.2d 379, 383 (Ala. 2007). In fact, our supreme court has held that, under the foregoing circumstances, the appellate courts of this state can review the merits of an appeal even when no legal authority is cited. Kirksey v. Roberts, 613 So.2d 352, 353 (Ala. 1993) (holding that noncompliance with Rule 28 may be excused when “we are able to adequately discern the issue [the appellant] presents, in spite of his failure to present authorities in support of his claim”). In this case, the father argues at length that the restriction established in the judgment violates Alabama law by giving the mother the authority to refuse his visitation based on her discretion. The father has framed his issue in such a manner that this court can readily determine his point, and the mother has responded to that point in her brief. See Bishop v. Robinson, 516 So.2d 723, 724 (Ala. Civ. App. 1987) (explaining that an appellate court may consider an argument that is not compliant with Rule 28(a)(10) when the appellee adequately responds to the issues raised by the appellant in brief despite the noncompliance). Considering the substance of the father’s brief, my citation to additional authorities that further support his position should not be considered as constructing a legal argument for the father, as the main opinion contends. 227 So.3d at 89-90. Because the father has adequately developed his own legal argument, I cannot agree that the father has violated Rule 28(a)(10) or that the judgment should be affirmed on that “technicality.” Kirksey, 613 So.2d at 353.
As to the merits, a trial court cannot fashion a protective restriction in a manner such that it allows a custodial parent discretion over the visitation rights of the noncustodial parent. See Hardy v. Weathers, 56 So.3d 634 (Ala. Civ. App. 2010). In Hardy, the trial court ordered that visitation between the mother and the child could be gradually “ ‘phase[d] in’ ” but that the father was “ ‘vested with the authority to allow overnight visitation if he believe[d] the child to be safe and further believe[d] that overnight visitation [was] in the child’s best interest.’” 56 So.3d at 635. This court held that the trial court had improperly authorized the father, the custodial parent, to determine the visitation schedule for the mother, the noncustodial parent.
Like in Hardy, in the present case the trial court awarded a noncustodial parent visitation subject to the discretion of the *93 custodial parent. The visitation restrictions vest in the mother the authority to deny the father visitation when it “appears” to the mother that the father is “under the influence of drugs or alcohol” or that he will be visiting with the children in an “unsafe” or “dangerous” place. As the father correctly argues, under those provisions the mother can deny the father visitation whenever she decidesthat the father is impaired or that visitation will be occurring at a place that does not meet her safety standards. In the event the mother denies the father visitation, the father could not enforce his visitation rights because they are contingent on the mother’s subjective evaluations. See B.F.G. v. C.N.L., 204 So.3d 399, 408-09 (Ala. Civ. App. 2016) (recognizing that a trial court cannot craft its visitation restriction in a manner that allows a custodial parent to deny a noncustodial parent visitation without being subject to a contempt citation). This court has consistently reversed judgments that give a custodial parent the authority to unilaterally deny visitation to a noncustodial parent based on vague and subjective discretionary standards. See Pratt v. Pratt, 56 So.3d 638, 643 (Aa. Civ. App. 2010) (collecting cases).
In her special concurrence, Judge Thomas asserts that a custodial parent has the lawful right to withhold visitation from a noncustodial parent that the custodial parent subjectively deems to be impaired or unsafe and that the visitation restriction in the present case merely reinforces that preexisting right. 227 So.3d at 90-91 (Thomas, J., concurring specially). I agree that a custodial parent has a duty to protect the safety and welfare of his or her child from an objective threat of harm, even one posed by a noncustodial parent, but the restriction in this case authorizes the mother to deny the father visitation in broader circumstances. Under the language of the restriction, the trial court has given the mother the absolute discretion, based on her purely subjective observations or conclusions, to deny the father visitation.
The main opinion asserts that it would be “speculative” to assume that the mother would arbitrarily or vindictively deny the father visitation because the mother testified that she encourages visitation between the children and the father. 227 So.3d at 89-90. However, many years of experience has led the appellate courts of this state to the conclusion that custodial parents should not be entrusted with broad discretion over the visitation rights of a noncustodial parent. See Pratt, 56 So.3d at 642-43 (“Although Alabama law originally found no problem with vesting a custodial parent with complete discretion over the visitation of the noncustodial parent, ... over time our appellate courts began to recognize that divorced parties often disagree regarding visitation matters ... and that a custodial parent should not be allowed to unilaterally limit or restrict the noncustodial parent’s visitation.”). Regardless of the present good intentions of the mother, the trial court could not give her ongoing decision-making authority over visitation between the children and the father.
“The trial court has broad discretion in determining the visitation rights of a noncustodial parent, and its decision in this regard will not be reversed absent an abuse of discretion.” Carr v. Broyles, 652 So.2d 299, 303 (Ala. Civ. App. 1994). A trial court exceeds its discretion when it delegates its judicial authority to restrict visitation to a custodial parent. Pratt, 56 So.3d at 644-45. In my opinion, the trial court in the present case exceeded its discretion in authorizing the mother to deny the father visitation as established in the judgment. Therefore, I would reverse the trial court’s *94 judgment and remand the cause' to the trial court with instructions that it vacate the restrictions and consider other alternatives to protect the children that do not give the mother subjective authority over the visitation between the father and the children, such as requiring the father to provide current clean drug or alcohol screening results, see, e.g., In re A.L.E., 279 S.W.3d 424, 427 (Tex. App. 2009), or designating the place for visitation. See, e.g., In re Hughes, 434 So.2d 790 (Ala. Civ. App. 1983).