THOMPSON, Presiding Judge.
On September 16, 2016, A.W. ("the great-aunt") and W.W. ("the great-uncle") filed in the Montgomery Juvenile Court ("the juvenile court") petitions seeking to have the two minor children of J.W. ("the father") and V.L. ("the mother") found dependent and seeking an award of custody of the children.
On March 23, 2018, the juvenile court entered judgments finding that the children were dependent, awarding joint legal custody of the children to the mother, the great-aunt, and the great-uncle, and awarding physical custody of the children to the great-aunt and the great-uncle. On April 5, 2018, the mother filed a postjudgment motion addressing both judgments, and, on the same day, she filed a single notice of appeal addressing both judgments. The mother's notice of appeal was held in abeyance until the denial by operation of law of the postjudgment motion. See Rule 59.1, Ala. R. Civ. P.; A.J. v. E.W., 167 So.3d 362, 366 (Ala. Civ. App. 2014).
On appeal, the mother does not challenge the sufficiency of the evidence supporting the dependency findings or the custody awards. Therefore, any arguments as to those issues have been waived. Ex parte Riley, 464 So.2d 92, 94 (Ala. 1985).
Rather, the mother argues on appeal that the juvenile court never acquired subject-matter jurisdiction over the dependency actions because, she says, the great-aunt and the great-uncle did not pay a filing fee in either dependency action. "[Section] 12-19-70 requires the payment of filing fees or a court-approved verified statement of financial hardship at the time of filing the complaint." De-Gas, Inc. v. Midland Res., 470 So.2d 1218, 1222 (Ala. 1985) (emphasis omitted). The record does not indicate that a filing fee was paid in either action. However, at the time the dependency actions were filed, the great-aunt and the great-uncle filed in each action an affidavit of substantial hardship and sought the waiver of the requirement that a filing fee be paid. The record contains no indication regarding whether the juvenile court ruled on those requests for indigency status.
It is the duty of the appellant to ensure that the record on appeal contains sufficient evidence or materials to substantiate a claim that there has been error below or that a court lacks jurisdiction. S.K. v. N.B., 160 So.3d 27, 30 (Ala. Civ. App. 2014) ; see also Woodward v. State ex rel. Woodward, 664 So.2d 211, 213 (Ala. Civ. App. 1994) (affirming the denial of a Rule 60(b)(4), Ala. R. Civ. P., motion when the movant failed to present in support of that motion any documentation demonstrating *158 a lack of jurisdiction). This court is unable to discern from the record that no filing fees were paid, as the mother asserts, or that the juvenile court ruled on the requests for indigency status. Accordingly, we cannot say that the mother has demonstrated error or that the juvenile court lacked jurisdiction.
The mother also argues that the juvenile court's judgments are void because of the lack of indispensable parties. The mother argues on appeal that the children's father and A.D., a maternal aunt of the children, were indispensable parties. We note that, although the record contains allegations regarding the father's circumstances and assertions that A.D. and the mother had been awarded joint legal custody of the children at some point in the past, there are no orders and there is no evidence in the record to support a conclusion that the children have a legal father or that there exists a previous custody award. The juvenile court did not receive ore tenus evidence at the hearing in these actions. Rather an attorney for the Montgomery County Department of Human Resources, a guardian ad litem, and the mother appeared before the juvenile court, and their arguments and unsworn representations to the court were transcribed. Moreover, as our supreme court has recently explained, the failure to include an indispensable party is not a jurisdictional defect. Miller v. City of Birmingham, 235 So.3d 220, 230 (Ala. 2017) ; see also Ex parte A.J., 256 So. 3d 671 (Ala. Civ. App. 2018) (same). Thus, the mother has not demonstrated that the juvenile court's judgments were void for want of jurisdiction based on a purported failure to join indispensable parties.
The mother last argues that the juvenile court erred in awarding her visitation at the discretion of the great-aunt and the great-uncle. Generally, an award of visitation to a noncustodial parent may not be entirely at the discretion of a child's custodian. Pratt v. Pratt, 56 So.3d 638, 643 (Ala. Civ. App. 2010) ; A.M.B. v. R.B.B., 4 So.3d 468, 471 (Ala. Civ. App. 2007). In these cases, the juvenile court failed to take any evidence, and it placed the mother's visitation with the children entirely at the discretion of the great-aunt and the great-uncle. The juvenile court erred in failing to set forth a minimum visitation schedule for the mother. Pratt v. Pratt, supra ; A.M.B. v. R.B.B., supra. Accordingly, we reverse the judgments as to that issue and remand the causes for the juvenile court to conduct any proceedings that are necessary to address that issue and to enter judgments in compliance with this court's opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.